Thompson *vs.* Alexander.

---

RICHARD D. THOMPSON, appellant, *vs.* NEWTON ALEXANDER, appellee.

*Appeal from Cass.*

The "Act to amend the sixty-sixth chapter of the Revised Statutes, entitled 'Limitations,'" approved February 10, 1849, will be so interpreted as to operate only on causes of action accruing after it took effect.
The rule is inflexible that no statute will be so construed as to give it a retrospective operation, unless such an intention is manifested by clear and unequivocal expressions.

This was an action in debt, brought in the Cass Circuit Court, by appellee against appellant, on a note dated May 11, 1837, to which action the defendant below pleaded that the cause of action set forth in the declaration accrued more than five years before the commencement of this suit, to wit, on the 11th day of May, A. D. 1838; to which plea plaintiff interposed a demurrer; to this there was a joinder. The Court below sustained the

demurrer, and the defendant not answering further, judgment was rendered for the plaintiff for his debt and damages, $168 83. From this judgment the defendant prayed an appeal, and assigns for error the sustaining the demurrer to appellant's plea of the statute of limitations.  Joinder in error.  The cause was decided by Woodson, Judge, at October term, 1849.

H. E. DUMMER, for appellant.

D. A. SMITH, for appellee.

Opinion by TREAT, C. J.:

This case depends entirely on the construction to be given to the act of the 10th of February, 1849, which reads as follows:

" SECTION 1.  *Be it enacted by the People of the State of Illinois, represented in the General Assembly,* That all actions of trespass, detinue, trover, and replevin; all actions founded on any promissory note, bill of ·exchange, book account or simple contract; all actions founded on any promissory note, bond, judgment, contract, or indebtedness executed, rendered, entered into, or accrued beyond the limits of this state, and all actions on the case, shall be commenced within five years next after such recovery, or the cause of such action shall have accrued, and not after.  All parts of acts inconsistent with the provisions of this act be, and the same are hereby, repealed.

" SECTION 2.  This act shall be subject to the same conditions as are provided in the twelfth section of the sixty-sixth chapter of the Revised Statutes, entitled ' Limitations.' "

By the provisions of the constitution, the act did not take effect until the 13th of April, 1849.

As a general rule, a statute is to operate *in futuro* only, and is not to be so construed as to affect past transactions.  A retrospective effect will not be given it, unless it clearly appears that such was the intention of the Legislature, especially where it tends to produce injustice or inconvenience.  Such an intention must be manifested by clear and unequivocal expressions. If it is left doubtful what was the real design, the statute must be so construed as to have a prospective effect only.  Prince *vs.* U. States, 2 Gallison, 204; Whitman *vs.* Hapgood, 10 Mass., 437; Bruce *vs.* Schuyler, 4 Gilman, 221; Somerset *vs.* Dighton, 12 Mass., 383; Hooker *vs.* Hooker, 10 Smedes & Marshall,

599. Testing the act by these principles, it is clear that the Legislature intended it should have a prospective effect only; and that its provisions should only apply to causes of action arising after it should go into operation. There is nothing on the face of the act which indicates a different intention. It must therefore be so interpreted, as to operate only on causes of action accruing after it took effect. This Court, in the case of Tufts *vs.* Rice, Breese, App., 30, gave the statute of limitations of 1819 a similar construction.

But this is emphatically a statute that should be restricted in its operation to causes of action arising after its enactment; unless it manifestly appeared that the design of the Legislature was otherwise. Prior to its passage, there was no limitation to actions on judgments recovered out of the state; and actions of debt could be brought on bills of exchange and promissory notes, at any time within sixteen years after the right of action accrued. This act limits the bringing of suits on such demands to five years, thus introducing serious and important changes in the law of limitations, even if the act is to operate prospectively only. The evidence should be clear and conclusive, to induce the Court to hold that the Legislature intended to go still further, and make the act applicable to causes of action previously existing. Very great inconvenience, if not flagrant injustice, might result from such a construction. The act embraces all rights of action accruing on judgments rendered, or contracts made, beyond the limits of the state; and many of such rights of action, if the statute is to retroact, might have been barred the moment it took effect. If a right of action accrued five years before the passage of the act, the creditor, although a citizen of another country, and ignorant of the residence of his debtor, would be compelled to sue within sixty days, in order to avoid the limitation. During that period of time, he might not have any actual notice of the change in the law; or if he chanced to obtain it, he might not be able to ascertain the residence of his debtor, and by commencing a suit, save his cause of action. His remedy might be utterly lost, without fault or laches on his part. Laws liable to such consequences are repugnant to the principles of sound legislation, and inconsistent with a proper regard to the rights of creditors.

But the Legislature is subject to no such reproach. It is evident that no such construction was intended. If any doubt ever existed respecting the real object of the act, it has been fully removed. The same Legislature, at its succeding special session, declared that the act in question should not be "so construed as to limit or affect the right of action upon any matter of indebtedness, or cause of action, existing or accruing" before its enactment. See the 4th section of the act of November 5, 1849, entitled "An act to amend the several laws concerning limitations of actions."

The judgment of the Circuit Court is affirmed, with costs.

*Judgment affirmed.*