ELIZA A. FISKE, Administratrix, *v.* JACOB BRIGGS.

| 6 | 557 |
|---|---|
| 625 | 72 |

An action of debt, brought in 1859 upon a judgment obtained in 1837, is barred by the express provision of the first section of the "Act for the limitation of certain personal actions," contained in the Digest of 1844, because not brought "within twenty years next after the cause of action;" that provision being construed to apply to causes of action existing at the passage of the act, whenever. such application will not deprive a party of a vested right, by allowing him no reasonable time within which to commence his action.

| 6 | 557 |
|---|---|
| 29 | 203 |

DEBT upon a judgment obtained by the plaintiff, in her capacity of administratrix of Philip M. Fiske, against the defendant, at the March term of the supreme judicial court within and for the county of Providence, 1837, for the sum of seventy-two dollars and five cents, being for costs of a suit in equity, then adjudged to her by said court.

Plea, that the cause of action in said declaration supposed, did not accrue to the plaintiff at any time within twenty years next after the commencement of the action; to which plea there was a general demurrer and joinder.

*R. W. & T. C. Greene,* for the plaintiff.

1. There was no statute of limitations in 1837, in Rhode Island, relating or applicable to actions of debt upon judgment. The act for the limitation of certain personal actions, found in the Digest of 1822, p. 364, embraced only actions of debts founded upon any contract without specialty, and the limitation to such actions was six years.

2. The Digest of 1844, p. 220, § 1, provided as follows : " All actions of debt founded upon any contract without specialty, all actions of debt for arrearages of rents ; actions of debt for other causes, &c., which shall be sued or brought at any time after this act shall go into operation, shall be commenced and sued within the time hereinafter directed and not after, &c. And the said actions of debt founded upon any contract without specialty, &c., shall be brought and commenced within six years after the cause of the said actions, and not after. All actions of debt, other than those before specified, &c., within twenty years next after the cause of said actions, and not after." The Revised

47 *

Statutes of Rhode Island, p. 429, § 4, provided, that "all actions of debt, other than those in the next preceding section specified, and all actions of covenant shall be commenced and sued within twenty years next after the cause of action shall accrue, and not after." See, in this connection, Rhode Island Digest of 1844, p. 61, which provides, "that nothing in this act or in any of the acts contained in said Digest shall defeat, discharge, or in any way affect any right, title, interest, duty, obligation, penalty, forfeiture, claim, or demand, which shall have vested, enured, accrued, or become forfeited," by virtue of the laws now in force.

3. The plaintiff claims, that the provisions of § 1, p. 220 of Dig. 1844, (cited before,) so far as they relate to actions of debt upon judgments, are to be construed prospectively, and do not apply to judgments recovered before the Digest of 1844 went into effect. The question of the power of the general assembly under our constitution to pass retrospective laws is not raised in this cause. The plaintiff asks only for a construction of the statute in question, and does not claim that its provisions are repugnant to the constitution.

4. The general principle in the construction of statutes is, that a law is to be construed as having a prospective operation alone, unless, by the explicit terms of the law itself, a retrospective operation is clearly intended. *Dash* v. *Van Kleeck*, 7 Johns. 477 ; *Murray* v. *Gibson*, 15 How. 421.

5. Statutes of limitations, in substance the same as the one in question in this cause, have almost uniformly been construed by the courts of the states where they were enacted to operate prospectively alone, and not to apply to causes of action which accrued or existed before such statutes took effect. In New York, see *Sayre* v. *Wisner*, 8 Wendell, 661 ; *People* v. *Supervisors of Columbia County*, 10 Ib. 363 ; *Williamson* v. *Field*, 2 Sandford Ch. R. 568. In Pennsylvania, see *Eakin* v. *Raub*, 12 S. & R. 331. In Massachusetts, see *Call* v. *Hagger et al.* 8 Mass. 427 ; *King* v. *Tirrell*, 2 Gray, 332. In Illinois, see *Thompson* v. *Alexander*, 11 Ill. 54 ; *Trustees of Schools* v. *Chamberlain*, 14 Ib. 495 ; *Watt* v. *Kisby*, 15 Ib. 200 ; *Tufts* v. *Rice*, Breese, 36, in appendix. In Iowa, see *Norris* v. *Slaughter*, 1

Greene, 338 ; *Forsyth* v. *Ripley*, 2 Ib. 181 ; *Hinch* v. *Weatherford*, 2 Ib. 244 ; *Gordon* v. *Mount*, 2 Ib. 243. In Missouri, see *Paddleford* v. *Dunn*, 14 Missouri, 519. In Mississippi, see *West Feliciana R. R. Co.* v. *Stockett*, 13 S. & M. 395 ; *Brown* v. *Wilcox*, 14 Ib. 127. In Arkansas, see *Baldwin* v. *Cross*, 5 Arkansas, 510 ; *Hawkins* v. *Campbell*, 6 Ib. (1 Eng.) 513 ; *Couch* v. *McGee*, 6 Ib. 573 ; *Calvert* v. *Lowell*, 5 Eng. 147 ; *Morse* v. *McLinden*, 5 Ib. 512 ; *Murray* v. *Gibson*, 15 How. 421.

6. The defendant, under the plea of the statute of limitations cannot avail himself of the common-law presumption of payment at the end of twenty years. A plea of payment, or other plea containing an express averment of payment, is necessary for such purpose. See part 1, Notes of Cowen & Hill to Phillips on Evidence, p. 316, n. 307, and cases cited. *Tilbb's Heirs* v. *Clark*, 5 Monroe, 526–7 ; *Forsyth* v. *Ripley*, 2 Greene, (Iowa,) 182.

*Browne & Van Slyck*, for the defendant.

1. This action, being an action of debt on judgment, is barred by the Revised Statutes, ch. 177, § 4. This, by its very terms, as the defendant contends, applies alike to all judgments, whether obtained before or after the passage of the act. *Ross et al.* v. *Duval et al.* 13 Peters, 45, and *Pritchard* v. *Spencer*, 2 Carter, (Ind.) 486.

2. But the plaintiff claims that the operation of the statute of 1857, cited above, is prospective. Now, even if this be so, still the plaintiff's demurrer cannot be sustained. See Rev. Stats. ch. 246, § 10. Also Dig. 1844, p. 60, § 4 ; p. 220, § 1.

3. The time had begun to run under the statutes of 1844, cited above, and had commenced to run under that statute when the right of action under this judgment accrued, to wit: April 29, 1837 ; said statute being clearly retroactive.

4. In the Digest of 1822, p. 364, § 1, there was an express limitation that rendered the statute of limitations prospective. Why was this omitted in the subsequent acts, if the legislature did not mean to have the subsequent acts retrospective, as well as prospective, in this kind of action ?

5. If the plaintiff is correct in his position, then no plea of the statute of limitations to a judgment could have been filed

at any time prior to this, nor until at least in 1864. What effect can be given to the statute, unless regarded as retroactive? and effect will be given to an act by the court, if it can be. This rule is too general to need a citation of authorities. *People* v. *Utica Ins. Co.* 15 Johns. 358 ; 28 Miss. (6 Cushing,) 361 ; *State* v. *Clark,* 7 Ind. 468.

6. The defendant claims that the statute refers to the remedy, and that the legislature can control the remedy to any extent, so that it does not by its terms take away all remedy or reasonable time to prosecute. *Pritchard* v. *Spencer,* 2 Carter, (Ind.) 486 ; *Fowler* v. *Chatterton,* 6 Bing. 258 ; *Ansell* v. *Ansell,* 3 C. & P. 563 ; S. C. 14 Eng. C. L. 451.

7. The statutes of 1844 and 1857 clearly indicate that the legislature intended that the statute should run from the time the cause of action accrued, and are retroactive ; and where a statute of limitations prescribes the time within which suit shall be brought, or an act done, and part of the time has already elapsed, effect will be given to the act; and the time yet to run, being a reasonable part of the whole time, will be considered the limitation in the mind of the legislature in such case. *Ross et al.* v. *Duval et al.* 13 Peters, 45 ; *Willard* v. *Harvey,* 24 N. H. (4 Foster,) 344 ; *Burcoe et al.* v. *Anketell,* 28 Miss. (6 Cush.) 361.

8. The power of the legislature to enact a statute of limitations is clear ; and so, upon authority, a statute of limitations may be retroactive as well as prospective in its operation; and this effect will be given to such act if the intent that it should retroact be manifest from the acts in question. *Pritchard* v. *Spencer,* 2 Carter, (Ind.) 486 ; *Ross et al.* v. *Duval et al.* 13 Peters, 45.

9. The distinction is this, that courts will not give a retrospective operation to an act of the legislature when it takes away a *vested right;* but not so when it appertains to the remedy. In the case at bar, it applies simply to the remedy, and imposes no hardship upon the plaintiff; because she had at least thirteen years, after the statute of 1844, in which her action could have been brought. *Wadsworth* v. *Thomas,* 7 Barb. 445, 448 ; *Sampeyreac et al.* v. *United States,* 7 Peters, 222.

10. This act of limitations is in aid of the common law, and not in derogation of it. At the common law payment is presumed after twenty years. This act, upon presumption of payment, makes twenty years a bar.

BRAYTON, J. The plaintiff in this case sues in debt, to recover the amount of a judgment, rendered in her favor against the defendant at the March term of this court, 1837. The defendant pleads in bar, that " the cause of action in the declaration supposed did not, at any time within twenty years next before the commencement of the said action, accrue to the plaintiff," and to this plea the plaintiff has demurred generally.

The question raised upon this demurrer is, whether this action of debt upon judgment falls within the provision of the statute limiting actions of debt upon judgment, contained in the Digest of 1844, p. 220.

At the time this judgment was rendered, there was no act limiting actions of debt upon judgment. The first act limiting such actions was enacted at the January session, 1844, and went into effect on the first day of September of that year. By the act of limitation contained in the Digest of that year, it was provided, that "all actions of debt for arrearages of rents, actions of debt for other causes, and all actions of covenant which shall be sued or brought at any time, after this act shall go into operation, shall be commenced and sued within the time hereinafter directed, and not after, that is to say," " the said actions of debt founded upon any contract without specialty or brought for arrearages of rents " shall be brought and commenced within six years after the cause of the said actions, and not after; " all actions of debt other than those before specified, and all actions of covenant, within twenty years next after the cause of said actions, and not after."

The plaintiff claims in support of his demurrer, that this act does not apply to the case at bar, and that it is inapplicable to any action brought upon a judgment rendered prior to the passage of the act; that the act was designed to operate prospectively upon such judgments as should be thereafter rendered, and not to retroact upon judgments already recovered.

This act was repealed by the Revised Statutes, which went

into effect on the first day of July, 1857, and the subject of the act was revised and reënacted in said revision with a slight variation in language, adding to the terms "next after the cause of said action," the words "shall accrue." The third section of chap. 246 of the Revised Statutes provides, that "the repeal of the acts hereinbefore referred to, or hereinafter enumerated, shall not affect any act done, or any right accruing or accrued, or acquired or established, or the remedy for any injury thereto, or any suit or proceeding had or commenced in any civil case before the time when said repeal shall take effect."

It will be remembered that twenty years have not expired since the original act of limitation went into effect, that twenty years have expired since the rendition of the judgment on which this suit is brought, and that too, before the repeal of the act in the revision of 1857, and before suit brought. Reference has been made in the argument to the language and provisions of the act in the revision of 1857, as if that consideration ought to influence the determination of this case. The language of that act is no more indicative of a design to give it a retroactive effect than is that of the original act of 1844; and if the act of 1844 be construed not to retroact, the same construction, for reasons at least as good, must be given to that of 1857. If the act of 1844 is held to retroact upon the judgment, then twenty years having expired since the judgment and before the commencement of the suit, and having expired too whilst the act of 1844 was in full force and unrepealed, the bar became perfect, and is saved by the provisions of section 3 of chap. 246 of the Revised Statutes, and is not affected by the repeal.

The question then is, did the act of 1844 retroact upon this judgment and bar any suit which should be brought thereon, unless commenced within twenty years next after the action accrued? and the question is, what did the legislature intend by the language used? That language is, "all actions of debt which shall be sued or brought at any time after this act shall go into effect" shall be commenced and sued, such as are founded on contract without specialty, or for arrearages of rent, within six years, and all other actions of debt "within twenty years, next after the cause of said action." There is nothing

in this language to indicate a purpose to confine the operation of this act to causes of action which should accrue after the passage of the act. It covers all actions which may be commenced thereafter, and necessarily covers all causes of action for which suit could be thereafter brought. To except this case is not to give effect to the language. The other terms employed are not less significant of a purpose of limiting, as well actions for existing causes, as those which might afterwards accrue. They shall be sued within twenty years next after the cause of said action, and not after, that is, next after the accruing thereof. The language is not like that in *Williamson* v. *Field*, 2 Sandf. Ch. 568, cited by the plaintiff, " after such action *shall* accrue," which was held in that case to refer to such action as should thereafter accrue ; and the distinction was taken between these words and the terms " next after such action accrued," which might leave the act to operate upon past as well as future causes.

There is nothing in the cases cited by the plaintiff which seems to require any other construction to be given to this act than the one we have now indicated. It is true, that the general principle of construction of statutes is, that they are to be construed to operate prospectively only, unless there be something in their terms clearly indicative that a retrospective operation was intended. This is clearly stated in *Dash* v. *Van Kleek*, 7 Johns. 477 ; *Murray* v. *Gibson*, 15 How. 421 ; and they add, that statutes are never to be construed to work a destruction of a right before attached — to retrospect to take away vested rights. The turning point of many of the cases cited by the plaintiff was, that to give the act a retrospective operation would defeat vested rights. In *Sayre* v. *Wisner*, 8 Wend. 661, the time of limitation had already expired when the act was passed. So in *King* v. *Tirrell*, 2 Gray, 332 ; *Eakin* v. *Raub*, 12 S. & R. 331 ; *Thompson* v. *Alexander*, 11 Ill. 54 ; *Paddleford* v. *Dunn*, 14 Missouri, 519.

The general doctrine to be gathered from the decisions, both English and American, is, that the courts consider the language of these statutes of limitation, and make them retrospect, or otherwise, as the intention of the legislature is to be gathered

from their language; *Fowler* v. *Chatterton,* 19 E. C. 75; S. C.
6 Bing. 258; *Nepean* v. *Doe,* 2 M. & W. 910; *Queen* v. *Leeds
& Bradford Railway Co.* 83 E. C. L. 343, 550; *Patterson* v.
*Gaines,* 6 How. 550; *Alabama* v. *Dutton,* 9 How. 522; *Morrison*
v. *Smith,* 2 Pick. 430; *Penniman* v. *Rotch,* 3 Metc. 216; *Pierce*
v. *Tobey,* 5 Metc. 168; *Stoddart* v. *Smith,* 5 Binn. 355; *Bolton*
v. *Johns,* 5 Barr. 145; unless, by making the statute thus retro-
spect, a subsisting right would be barred, without giving the
party any opportunity to sue. *The Queen* v. *The Leeds & Brad-
ford Railway Co.* 18 Ad. & E. (N. S.) 343; S. C. 83 E. C. L.
343; 2 Mod. 310; 2 Atk. 36; *Noon* v. *Durden,* 2 Ex. Rep. 22.

We are of opinion, therefore, that the statute in question did
retrospect upon the present cause of action, and was so intended.
At the time of passing the act, seven years only had elapsed
since the cause of action accrued, leaving to the plaintiff some
thirteen years in which to bring her action, if she would do so,
— a length of time so ample that it could with no propriety be
called unreasonable.

The demurrer must be overruled, the plea sustained, and
judgment be entered for the defendant for his costs.