JOHN KNIGHT *et al.*

*v.*

BRADLEY B. BEGOLE.

1. CONSTRUCTION OF STATUTES. In construing a statute, a prospective operation only will be given to it unless its terms show a legislative intent that it should have a retrospective effect.

2. REDEMPTION — *from sales under mechanics' liens* — *construction of act of* 1869. So the act of 30th March, 1869, giving a right of redemption from sales under decrees to enforce mechanics' liens, cannot be construed as affecting a decree which cuts off the right of redemption, entered before that act went into effect. Such a decree, being proper at the time it was entered, would not, upon the act going into operation before the time fixed for the sale of the premises, thereby become erroneous.

3. *Held,* where a decree entered before that act went into effect, barred and foreclosed all title or interest of the defendant in the premises " held or

acquired since the 23d day of February, 1865," and meaning, of course, down to the time of entering it, that even if the defendant would, upon the act becoming operative before the time fixed for the sale, have a right of redemption under that statute, the decree could not be regarded in conflict with it.

APPEAL from the Superior Court of Chicago ; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion states the case.

Mr. GEORGE SCOVILLE, for the appellants.

Messrs. BARKER & TULEY, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court :

This was a bill to enforce a mechanic's lien, under chapter 65 of the Revised Statutes and the acts amendatory thereof. A decree ordering the sale of the premises subject to the lien, was made on the 21st day of May, 1869, which, after finding the amount due appellee, and declaring the lien on the premises described, orders that unless the amount found, with costs, shall be paid within ninety days, the premises shall be sold by the master, at public auction, on twenty days' notice, etc., and then declares " that the defendants and every of them, and all persons claiming under them, be forever barred and foreclosed of and from any and every right, title or interest in said premises, held or acquired since the 23d day of February, 1865, as against the rights of the said Bradley B. Begole, or the purchaser at any sale made under this decree."

On the 30th of March, 1869, an act of the general assembly was approved, which declared that thereafter there should exist, in favor of the same persons, and in the same manner, as is or may be provided for the redemption of real estate from sales under judgments and executions at common law, the right to redeem real estate sold under any decree obtained under the provisions of chapter 65 of the Revised Statutes or any act amendatory thereof, from such sales.

The session of the legislature ended on the 30th of April, 1869, and there being no provision for an earlier effect, this act did not go into effect until the end of sixty days from that time, and some thirty-nine days after the decree herein was entered.

Several points are made for reversal of the decree; but the only one deemed worthy of consideration is, that the decree is erroneous, because it expressly takes away the right of redemption.

It is not pretended that, as the law stood at the time of entering the decree, there was any right of redemption in such cases, or that, when tested by that law, it was erroneous. The essence of this point is, that although the statute giving the right of redemption, did not take effect until some thirty-nine days after the decree, and the latter was entirely proper at the time it was rendered, yet, when the statute giving the right of redemption went into effect, it made this decree erroneous, because it contains language which cuts off the right of redemption. That statute does not purport to have a retrospective effect. It says, " that, *thereafter* there should exist," etc. It is a familiar and sound rule of construction, to give a statute a prospective operation only, unless its terms show a legislative intent that it should have a retrospective effect. *Thompson* v. *Alexander,* 11 Ill. 54; *Garrett* v. *Doe,* 1 Scam. 335; *Guard* v. *Rowan,* 2 id. 499. Besides, if appellants could be deemed vested with a right of redemption, by an act not operative until after the decree, that right is not, by any fair construction of the decree itself, within its scope or contemplation. It bars and forecloses all title or interest in the premises, " held or acquired since the 23d day of February, 1865," and meaning, of course, down to the time of entering it. So that, if appellants have any right of redemption under that statute, the terms of the decree will not be deemed in conflict with it.

The decree of the court below must be affirmed, with costs.

*Decree affirmed.*