## JAMES MCHANEY et al.

v.

## THE TRUSTEES OF SCHOOLS, etc.

1. SCHOOL TREASURER—*duty to present note against estate.* Where the principal debtor to the school fund of a township dies, it is the duty of the township treasurer to present the claim against his estate for allowance, if due, without an order from the trustees of schools, and for a neglect to discharge such duty he is liable to the trustees on his official bond.

2. SAME—*measure of recovery for failure to have claim allowed against estate.* Where the principal in a note to the trustees of schools dies, and the treasurer neglects to present the same for allowance against his estate, in an action on the treasurer's bond, where it does not appear but that the sureties are solvent, or that the debt is lost, no more than nominal damages can be recovered.

3. STATUTE—*rule as to, whether retrospective.* The general rule is, that a statute operates *in futuro* only, and that it will not be construed to affect past transactions. A retrospective effect will not be given to it unless it clearly appears that such was the intention of the legislature.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. HENRY C. GOODNOW, for the plaintiffs in error.

Mr. D. C. JONES, and Mr. W. W. WILLARD, for the defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of debt, brought in the circuit court of Marion county, by The Board of Trustees of Schools against James McHaney and Britton Smith, upon the official bond of McHaney. By agreement a jury was waived, a trial was had, and judgment rendered by the court in favor of plaintiff for penalty of bond, $4000, to be discharged on payment of the damages, $69.92. The defendants bring the case to this court by writ of error.

By the agreed state of facts, as shown by the record, it appears that James McHaney was, on the 15th day of April, 1867, appointed treasurer of schools in township three north, range two east, in Marion county, and gave bond, with Britton Smith and S. J. Boring as sureties; that while he was treasurer a note came into his hands. as such, for $55, dated October 1st, 1866, due in 12 months, with interest, against James H. Dorris, John Wright and Britton Smith, payable to the trustees; that James H. Dorris was the principal maker of the note, and the other two signers were his sureties; that James H. Dorris died June 20th, 1868, and on the 17th of August, 1868, Wm. C. Dorris was appointed administrator of his estate; that the day fixed for adjustment of claims against the estate was the 13th of January, 1869; that James McHaney did not appear and have the note probated and allowed against the estate on that day, or at any other time; that after the death of Dorris, his administrator paid the interest on the note to McHaney.

On the 29th of April, 1870, Thomas Allmon was appointed treasurer of schools, as successor to McHaney, to whom he delivered over this note and all books, papers. etc., belonging to the office; that there was no order made by the trustees of schools, while McHaney was in the office, that the note against Dorris should be collected or further secured.

It is claimed by the defendants in error that it was the duty of McHaney, the treasurer, to present this note on the day appointed by the administrator for the adjustment of claims, and have it allowed against the estate of James H. Dorris. There can be no doubt but it was the duty of the treasurer to have appeared and had the claim allowed on the day appointed for the adjustment of claims, under section 60 of Gross' Statutes, page 702.

It is also claimed that, on failure of the treasurer to perform the duties enjoined on him by law, he is liable to the trustees in an action on his official bond. This is no doubt true, under section 64, page 703, Gross, but the main question

in this case is, while, technically, the trustees had a right of
action on the official bond of the treasurer, what, in law, in
this case. can plaintiffs recover?

There is no evidence in the record to show that there has
been any loss to the trustees on account of the treasurer fail-
ing to have the note probated. There is nothing to show that
a single dollar could or would have been collected by hav-
ing the note allowed. It does not appear that the securities on
the note have become insolvent. No damage or loss what-
ever is shown by the failure of the treasurer to discharge his
duty.

It is stated in the brief of plaintiffs in error that in this case
it is sought to make the defendants liable for the full amount
of the Dorris notes, under an act passed March 4th, 1869, on
page 684, section 9, Gross. This statute requires the payee
of a note, on the death of the principal maker, where there
are sureties, to present the note for probate within two years
after the granting of letters of administration, and on failure
to do so, provides that the sureties are released.

This statute has no application to this case. The note
against Dorris was due on the 1st day of October, 1867. Dor-
ris died in 1868; and the time fixed by his administrator to
adjust claims against his estate was on *the* 13*th of January,*
1869. The foregoing law was not passed until *March* 4*th,*
1869.

This statute can have no effect on the note against Dorris,
which was in the hands of the treasurer. The general rule
is, a statute is to operate *in futuro* only, and will not be con-
strued to affect past transactions. A retrospective effect will
not be given it unless it clearly appears that such was the
intention of the Legislature. *Thompson* v. *Alexander*, 11 Ill,
54.

We can see no reason why the sureties are not still liable
on this note, and as no loss or damage has occurred on account
of the failure of the treasurer to present the note for allowance
on the day set for the presentation of claims, the judgment of

the circuit court was wrong in finding the damages at the amount of the note and interest.   The plaintiff was only entitled to recover nominal damages.

The judgment is reversed and the cause remanded.

*Judgment reversed.*