JOHN JIMISON

*v.*

ADAMS COUNTY.

*Filed at Springfield October 31, 1889.*

1. STATUTES—*construction—whether retrospective, or prospective only.* It is a general rule, that a statute will be construed to be prospective, only, and not retroactive, in its operation, unless it clearly appears that the legislature intended it to have a retrospective effect. In the absence of a clear manifestation of such intent, statutes will be so construed as not to prejudice or affect past transactions.

2. COUNTY SUPERINTENDENTS OF SCHOOLS—*compensation.* Superintendents of schools do not belong to that class of county officers whose

compensation is to be fixed by the county board, as provided in section 10, of article 10, of the constitution. The constitution (section 5, article 8) vests the power of fixing their compensation in the legislature.

3. Section 27 of the act concerning fees and salaries, in addition to certain commissions, allowed them four dollars per day for such number of days as the county board might fix. Under this law a county board, in 1882, fixed the compensation of such officer at $800 per annum, being four dollars per day for two hundred days in each year of his four years' term. In 1885, section 20 of the School law was so amended as to give county boards the power to limit the time of superintendents, provided, in certain counties having from seventy-six to one hundred schools, such limit should not be less than two hundred and fifty days: *Held,* that the amendment in 1885 had no application to superintendents then in office, whose compensation had been previously fixed so as to give them the per diem on fifty additional days in each year.

4. If the amendatory act of 1885, relating to schools, was intended to increase or diminish the compensation of county superintendents of schools during their terms of office, it would be in that respect unconstitutional, such officer being a municipal officer, within the meaning of section 11, article 9, of the constitution.

5. If the four dollars per diem should remain the same, yet any statute which will permit the county board to increase or diminish the designated days during the term of office to which such per diem applies, would increase or diminish the compensation of the officer, and therefore be subject to the constitutional prohibition against changing the compensation of county officers during their terms of office.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Adams county; the Hon. WILLIAM MARSH, Judge, presiding.

Messrs. CARTER & GOVERT, and Mr. JOHN H. WILLIAMS, for the appellant.

Mr. ALMERON WHEAT, for the appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action of assumpsit brought in the Circuit Court of Adams County at the March Term, 1887, by the appellant against the appellee to recover a balance which appellant claims to be due to him for services, as County Superintend-

ent of Schools.   Jury was waived by agreement, and the case was tried by the Court without a jury.   The issues were found in favor of the County of Adams, the defendant below, and judgment was entered accordingly.   This is an appeal from the judgment of the Appellate Court affirming such judgment of the Circuit Court.

The plaintiff and defendant below each submitted to the trial court certain written propositions to be held as law in the decision of the case.   Those of the plaintiff were marked "refused," and those of the defendant, except one, were held to be the law.   The questions involved arise upon the exceptions of appellant to the action of the trial court in thus holding and refusing the propositions so submitted.

In November, 1882, appellant was elected County Superintendent of Schools of Adams County for the term of four years, beginning on the first Monday of December, 1882.   At the meeting of the Board of Supervisors of Adams County in September, 1882, the Board adopted a report of the committee on finance in the following words :   "We, your committee on finance, to whom was referred the matter of fixing salaries of the several County officers for their terms commencing the first Monday in December, A. D. 1882, would recommend that they remain as heretofore established, viz:   County Judge.$2000.00 per annum, etc.   *   *   *;   Superintendent of Schools $800.00 per annum."   In pursuance of this action of the Board, appellant has received, as superintendent of schools, for the four years for which he was elected, the sum of $3333.33, besides the commissions on sales and monies disbursed as allowed by Section 27 of the Fees and Salaries Act.   He has, therefore, been paid more than the annual compensation of $800.00 fixed by the Board of Supervisors.

Appellant claims, that, under an Act of the Legislature, approved June 26, 1885, in force July 1, 1885, amending sections 13, 20 and 71 of the School Law, (3 Starr & C. Ann. Stat. page 494), he performed certain additional services as

such superintendent, between July 1, 1885, and December 1, 1886, for which he is entitled to be paid, in addition to the commissions and the sum of $3333.33 already received by him. It is compensation for such additional services, which he seeks in this suit.

Section 5 of article 8 of the Constitution provides as follows: "There may be a county superintendent of schools in each county, whose qualifications, powers, duties, compensation, and time and manner of election, and term of office, shall be prescribed by law." This provision vests the power of fixing the compensation of county superintendents of schools in the legislature of the State. Therefore, such superintendents do not belong to that class of county officers whose compensation is to be fixed by the county board, as provided in section 10 of article 10 of the constitution.

By section 27 of the "Act concerning fees and salaries," etc., in force July 1, 1872, the legislature provided that county superintendents of schools should have three per cent. commissions on certain sales, two per cent. commissions on certain monies distributed, paid or loaned out, and "for all other duties required by law to be performed by them, for such number of days as may be designated by the county board, in counties of first and second class, the sum of $4.00 per day," etc. It is admitted that Adams County is a county of the second class. Said section 27 was in force in September and December, 1882.

It will be noted, that the Board of Supervisors in September, 1882, did not designate a specific number of days for which the superintendent was to be paid, but fixed his salary at $800.00 per annum. But both appellant and the Board seem to have regarded the fixing of the salary at $800.00 per annum as being the same thing as a designation of two hundred days in each year as the time for which the superintendent was to be paid, the statute fixing the per diem at $4.00. Whether this view be correct or not, it is sufficient for the

36—130 ILL.

purposes of the present suit, that both the parties to it agree to treat the action of the Board as a designation of two hundred days in each year to be paid for at the statutory rate of $4.00 per day.

Section 20 of the School law, as amended in 1885, provides that "the county superintendent shall visit each school in the county at least once a year; and in the performance of this duty he shall spend at least half the time given to his office, and more if practicable, in visiting ungraded schools. In counties having not more than 100 schools the county board may limit the time of the county superintendent; *Provided*, that in counties having not more than 50 schools the limit of time shall not be made less than 150 days a year; in counties having from 51 to 75 schools, not less than 200 days a year, and in counties having from 76 to 100 schools, not less than 250 days a year." It is admitted that there are more than 100 schools in the county of Adams.

Appellant claims, that inasmuch as section 20 as amended only gives the county board the power to limit the time of the superintendent in counties having not more than 100 schools, it has taken away the power of the Board to fix any limit in counties having more than 100 schools; that the foregoing provision in section 20, as amended in 1885, repeals so much of section 27 of the Fees and Salaries Act as authorizes the county Board to designate the number of days for which superintendents are to be paid, leaving their compensation to be $4.00 per day, in counties of the first and second class, for the number of days they are actually employed where there are more than 100 schools in the county; in other words, that, by the amendment of 1885, the words "for such number of days as may be designated by the county board in counties of first and second class" are eliminated from section 27, so that it should read: "for all other duties required by law to be performed by them, the sum of $4.00 per day."

If the construction thus contended for be correct, then appellant would be entitled to be paid, during the year and five months of his term after July 1, 1885, the sum of $4.00 per day for each day on which he rendered services as superintendent to the county, and would not be limited to compensation at the rate of $4.00 per day for 200 days in each year. For example, under the view of the appellant, he might receive $1200.00, or $4.00 per day for 300 days during the year from July 1, 1885, to July 1, 1886, instead of $800.00, or $4.00 per day for 200 days, as fixed by the resolution of the county board. We regard the position of the appellant upon this question as wholly untenable, so far as it relates to the compensation of the superintendents, who were in office when the amendatory act was passed and whose compensation had been fixed before the passage of that act.

No part of section 20 as amended expressly repeals any part of section 27 of the Fees and Salaries Act. If the one repeals the other, it is by implication only. Repeals by implication are not favored in the law. The implication is that, because the county board may limit the time of the superintendents in counties having not more than 100 schools, it may not do so in counties having more than 100 schools. But such repeal by implication, even if it exists, can have no application to the case of this appellant.

It is a general rule that a statute will be construed to be prospective, and not retroactive, in its operation, unless it clearly appears that the legislature intended it to have a retrospective effect. In the absence of a clear manifestation of such legislative intent, statutes will be so construed as not to prejudice or affect past transactions. (*Thompson* v. *Alexander*, 11 Ill. 54; *Conway* v. *Cable et al.* 37 id. 82; *Knight* v. *Begole*, 56 id. 122; *In re Tuller*, 79 id. 99.). Before appellant went into office, the county board had fixed his compensation for each year of the four years of his term, and he had performed the duties of his office, for the compensation so fixed, for nearly

three years before the amendments of 1885 were passed. Under the law as it existed prior to the passage of the amendments, the county of Adams had an arrangement for receiving the services of appellant for four years at $4.00 per day for 200 days of each year. Did the legislature intend, by those amendments, that the county should be charged with a greater sum than that fixed by its board and accepted by appellant? We think not.

The amendments of 1885 to sections 20 and 71 of the school law were made by the same Act, and approved on the same day to-wit: June 26, 1885. Section 71, as amended, provides, that county superintendents "*elected hereafter*" shall receive, etc., "$4.00 a day for such number of days as shall be spent in the actual performance of their duties, not exceeding the number fixed by the county boards in counties in which the boards are given power to fix the number of days by section 20 of this Act," etc. Inasmuch as section 71 as thus amended gave $4.00 a day for such number of days as should be spent in the actual performance of their duties to those superintendents only, in counties having more than 100 schools, who should be elected *after* the passage of the amendments, it will be presumed that the legislature did not intend, by section 20, to give such compensation to superintendents who had been elected in such counties *before* the passage of the amendments. The reference in section 71 to section 20, as above quoted, indicates that both sections were intended to refer to superintendents to be thereafter elected.

If the amendatory Act of 1885 increases or diminishes the compensation of county superintendents of schools during their terms of office, it is, in that regard, unconstitutional. Section 11 of article 9 of the constitution provides that "the fees, salary or compensation of no municipal officer, who is elected or appointed for a definite term of office, shall be increased or diminished during such term." In our present constitution counties are recognized as municipal corporations. (*Wulff* v.

*Aldrich*, 124 Ill. 591). Section 12 of article 9, for instance, uses the following language : *"no county*, city, township, school district, *or other municipal corporation*," etc., and again : "any county, city, school district, or other municipal corporation," etc. It follows, that a county superintendent of schools must be regarded as a municipal officer within the meaning of section 11 of article 9.

Appellant, however, contends that the prohibition of the constitution, when applied to a case like the present, is merely directed against a change in the *per diem*, and not against a change in the number of days to be designated by the county board. But such a construction cannot be correct. It would give rise to schemes for evading a wholesome provision of the fundamental law. The *per diem* is merely the rate of compensation ; the compensation itself is the *per diem* multiplied by the number of days designated. Appellant's compensation, as fixed, was not $4.00 ; it was $4.00 multiplied by 200 for each year of the four years. If the per diem of $4.00 should remain the same, yet any statute which permitted the county board to increase or diminish the number of designated days, during the term of office, to which such *per diem* should be applied, would increase or diminish the compensation of the officer, and therefore, would be subject to the constitutional prohibition above quoted.

We are of the opinion that the amendatory Act of 1885 did not have the effect of so changing section 27 of the Fees and Salaries Act as to authorize appellant to receive any other or different compensation than that fixed by the county board.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*