## William Richardson  v. U. S. Mortgage & Trust Co.

1. STATUTES—*When to be Given a Retroactive Effect.*—The rule is well settled that when the question arises as to whether a statute is to be given a retroactive effect, it will be held to be prospective only, in its operation, unless the language of the act is such as to admit of no doubt that it was intended to be retroactive.

2. SAME—*The Act of May 26, 1897, Requiring Foreign Corporations to Have Offices in This State.*—The act of the General Assembly providing that no foreign corporation failing to comply with its provisions, shall maintain any suit, legal or equitable, in the courts of this State, upon any demand arising out of contract or tort, approved May 26, 1897 (Laws of 1897, 174), can not be given a retrospective effect, and has no application to suits to enforce contracts made by such corporations before the passage of the act.

**Foreclosure.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed June 21, 1900.

**Statement.**—This suit was brought to foreclose a mortgage given to secure the promissory notes of appellant to the amount of $25,000. Appellee, the lender of the money, and the complainant in the suit to foreclose, is a New York corporation. The bill of complaint alleges that it is authorized by its charter to loan money and take real estate security therefor. Appellant interposed a plea to the bill of complaint, by which the provisions of the act of the legislature approved May 26, 1897, and in force July 1, 1897, chapter 32, section 67b, R. S., was set up in bar of the suit. The act provides, in substance, that foreign corporations doing business in this State shall have a public office or place in the State at which to transact its business, etc., and requires also that such corporation file its articles or charter of incorporation, etc., with the secretary of state. This plea was overruled, with leave to appellant to set up the same defense by way of answer.

The answer filed called for strict proof of all allegations of the bill of complaint, and set up as a defense the statute before pleaded.

Upon reference to a master in chancery evidence was heard, and the master reported, finding the allegations of the bill of complaint to be established, and recommended that a decree be entered granting the relief prayed. The exceptions of appellant to this report were overruled, and a decree was entered as recommended by the master.

CHAS. PICKLER, attorney for appellant.

HARLAN WARD COOLEY and HENRY D. BEAM, attorneys for appellee.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

The only questions presented by the brief of counsel for appellant are, first, as to the insufficiency of proof that appellee was empowered to engage in the business of loaning money; and, second, as to the alleged failure of appellee to

comply with the requirements of section 67b of chapter 32 of the statutes.

As to the power of appellee to engage in the business of loaning money, the allegations of the bill of complaint are sufficient, and so far as the abstract of the record discloses, are supported by the evidence. The charter of appellee was introduced in evidence. The contents are not set forth in the abstract of record. We presume that it sufficiently sustained the allegations of the bill of complaint.

The statute pleaded, and afterward set up as a defense, by the answer, was approved May 26, 1897, and was first in force on July 1, 1897. It provides in part, as follows:

"In addition to which penalty on and after the going into effect of this act, no foreign corporation, as above defined, which shall fail to comply with this act, can maintain any suit or action, either legal or equitable, in any of the courts of this State upon any demand, whether arising out of contract or tort."

The contract here involved was made on May 1, 1893. At the time, therefore, when this loan was made and the security therefor taken by appellee, there was no such statutory requirement in force in this State.

The question is thus presented as to whether the operation of this statute is retroactive, so that it applies to a suit brought by this foreign corporation to enforce a contract made before the statute took effect. The gist of the question is, whether, to give the statute application to suits for enforcement of contracts made before the act was passed, would be to merely restrict a remedy in matter of form or proceeding, or whether it would in effect so impair the remedy as to materially lessen the value of the contract itself. The rule as announced in Tennessee v. Sneed, 96, U. S. 69, is that "in modes of proceeding and of forms to enforce the contract, the legislature has the control, and may enlarge, limit or alter them, provided that it does not deny a remedy, or so embarrass it with conditions and restrictions as seriously to impair the value of the right." In Fisher v. Green, 142 Ill. 80, our Supreme Court has held that remedies existing at the time the contract is made can not

be impaired so as to materially lessen the value of the contract by a subsequent law.   See also, Field v. Brokaw, 148 Ill. 654.

There are many decisions holding that the remedy or means of enforcing a contract is a part of that obligation of a contract which is protected against impairment by retroactive legislation, among which are Walker v. Whitehead, 16 Wall. 314; Edwards v. Kearzey, 96 U. S. 595.

The rule is well settled that when the question arises as to whether a statute is to be given a retroactive effect, it will be held to be prospective only, in its operation, unless the language of the act is such as to admit of no doubt that it was intended to be retroactive.   Fisher v. Green, *supra;* People v. McClellan, 137 Ill. 352; Bauer v. Zelle, 172 Ill. 407; R. I. Natl. Bk. v. Thompson, 173 Ill. 593.

In Fisher v. Green, *supra,* the court said, quoting Endlich on the Construction of Statutes :

"The rule to be derived from the comparison of a vast number of judicial utterances upon this subject seems to be, that even in the absence of constitutional obstacles to retroaction, a construction giving a statute a prospective operation is always to be preferred, unless a purpose to give it a retrospective force is expressed by clear and positive command, or to be inferred by necessary, unequivocal and unavoidable implication from the words of the statute, taken by themselves, and in connection with the subject-matter, and the occasion of the enactment, admitting of no reasonable doubt, but precluding all question as to such intention."

To construe this statute as retroactive in effect would necessitate holding that the legislature intended that when a foreign corporation had, as here, entered into a contract by making a loan secured upon real property within this State, before the enactment of the statute, it must, by force of the statute afterward enacted, in order to enforce its contract, have and maintain a public office or place in this State for the transaction of its business, file in the office of the secretary of state a certified copy of its charter, pay fees therefor, etc., although such corporation might have no business whatever within the State save the

enforcing of the one contract made before the act was passed.

We are of opinion that the statute can not be given such retrospective force, and that it does not apply to the case here presented.

The fact that appellant has filed nothing in this court which can be regarded as a proper and sufficient brief, would of itself justify us in affirming the decree. But upon the merits and upon a consideration of the two points stated by counsel for appellant, but not argued or supported by authority, we are of opinion that the decree should be affirmed.