## CHARLES BALSLEY

### v.

### THE STATE OF ILLINOIS.

*Opinion filed March 11, 1903.*

1. RESPONDEAT SUPERIOR—*doctrine does not apply to State.* The State is not liable for the fault or neglect of its agents or employes.

2. STATUTES—*usually to be given a prospective operation only.* In construing a statute a prospective operation only will be given to it, unless its terms show the legislative intention that it shall have a retrospective effect.

3. SAME—*presumption of intention is against words having a retroactive effect.* The presumption of intention is against words having a retroactive effect, not in favor of it, and words will be presumed to be prospective only, unless there is an evident and unmistakable intention expressed in the words that the act shall be retrospective.

This is a claim for injuries received by the claimant while serving as a member of Battery A, I. N. G., in annual encampment at Camp Lincoln in the summer of 1900.

Being assigned to the duty of firing the sunset gun during the week of the encampment, the claimant on the afternoon or early evening of July 29, called upon private Jesse Rupert, who was acting quartermaster, but not commissioned, and private Albert G. Stephens to assist him in discharging the cannon and lowering the flag, in pursuance of such order.

From evidence offered, it appears that the cartridge (about one pound of powder in a flannel sack) was too large for the muzzle of the cannon; that in the attempt to ram this in, the sack was broken and part of the powder ran on the ground. From some cause, not clearly shown, the powder was ignited, and an explosion occurred by which the claimant, Rupert and Stephens, were all seriously injured.

Evidence was introduced tending to show that the cannon was old and worn; also that the breaking of the cartridge or powder sack was due to its being too large;

but all of this we consider immaterial, as there is no claim that either of these circumstances, if true, caused the explosion. The proximate cause of the explosion, so far as any cause is shown by the evidence, and the only theory upon which it can be reasonably accounted for, is that some by-stander threw a lighted cigar, cigarette or match on the powder that was trickling from the broken sack to the ground. One or more of the witnesses testifies that this was the case and that a cavalryman among the by-standers was guilty of this criminal carelessness. Unaccountable and deplorable as this may seem, for the purpose of reaching a conclusion in this case, it is immaterial. Whatever may have caused this sad accident, in view of the law applicable, as interpreted and applied by this Commission, there is no liability on the part of the State.

Surely it cannot be contended that this act of criminal recklessness was committed by *authority of the State,* the only way in which the State could become liable, since it is a well established principle of law, repeatedly announced by the Supreme Court, that the State is not liable for the fault or neglect of its agents or employes; that the doctrine of *respondeat superior* does not apply as against the State:

> *Hedges* v. *County of Madison,* 1 Gilman, 567;
> *Town of Waltham* v. *Kemper,* 55 Ill., 346;
> *White* v. *County of Bond,* 58 Ill., 297;
> *Symonds* v. *Clay County,* 71 Ill., 355;
> *Hollenbeck* v. *Winnebago Co.,* 95 Ill., 148;
> *Cooney* v. *Hartland,* 95 Ill., 516;
> *Elmore* v. *Drainage Commrs.,* 135 Ill., 269.

Holding the above view, the Commission can find no liability on the part of the State unless warrant can be found under the provisions of section 4 of article 9 of the Military Code, approved May 11, in force July 1, 1901.

Notwithstanding this enactment was passed and went into effect *after* the accident on which this claim is founded, counsel for claimant contends that this act is

retroactive, and so brings this claim within its provisions.

Argument is made and authorities cited to support the contention that nothing in the Constitution of the United States or of the State of Illinois prohibits the General Assembly from passing a retroactive law. This is not disputed by the Attorney General, nor does this Commission doubt the right and power to pass a retroactive law; but the question is not what it *can* do but what it *has* done in this instance.

To the wording of its enactments must we look for the intention of the General Assembly; and the act relied on in this case is worded as follows: "In every case where an officer, soldier or seaman of the Illinois National Guard, or the Naval Militia of Illinois, shall be killed or wounded, while performing his duties as officer, soldier or seaman in pursuance of lawful orders from the Commander in Chief, said officer, soldier or seaman, or his legal heirs shall have a claim against the State for financial help or assistance, and the State Board of Claims shall act on and adjust the same as the merits of each case may demand."

There is no confusion or uncertainty as to the intention expressed in those words; "in every case where an officer, soldier, etc., *shall be* killed or wounded"      *      * he or his legal heirs shall have a claim against the State.

It would be doing violence to the plain meaning of words for this Commission to interpret the phrase "shall be" as synonymous with *"has been* or shall be."

They are not fairly susceptible of such meaning and the Commission feels bound to give the words the simple, natural, inevitable meaning that they convey, and in doing so, we only comply with the rule of law that "in construing a statute a *prospective operation only* will be given to it, unless its terms show the legislative intention that it shall have a retrospective effect."

> *Stone* v. *Tyler,* 173 Ill., 147, citing,
> *Knight* v. *Begole,* 56 Ill., 122;
> *People* v. *McClellan,* 137 Ill., 352.

The presumption of intention is against words having a retroactive effect, not in favor of it, and words will be presumed to be *prospective only,* unless there is an evident and unmistakable intention, expressed in the words, that the act shall be retrospective.

A statute will not be so construed unless the language of the act is so clear and positive as to leave no room for doubt that it was the intention of the Legislature to make it retroactive.

> *Voigt* v. *Kersten,* 164 Ill., 314, citing,
>
> *Benton* v. *Brotherhood of R. R. Brakemen,* 146 Ill., 570.

We fully agree with claimant's counsel that the Legislature could have made this law retroactive; but such an intention is not apparent in the language of the act, nor do we feel warranted in giving the words an interpretation that would make them retroactive.

For the foregoing reasons, under the limitations of our authority and obligation to endeavor to interpret the law as it stands, not to amend or make laws, we are obliged to and do reject this claim, without prejudice however, to the right of the claimant to seek other relief.

We realize that the injuries received by the claimant and his associates were serious and that each of them endured great pain, and received permanent injuries. The evidence shows that the claimant in this case was confined at St. John's Hospital in Springfield, for seven or eight weeks after the accident, and was under treatment for a long time after returning to his home; the nature and extent of his injuries being described by his attending physician at Danville, Dr. Perrigo, at pp. 32, 33 and 34, of depositions on file in this case.

While it is difficult to fix any monetary compensation for physical suffering and permanent disability, it may be safe to assume that the claimant himself did not estimate his claim "for financial help or assistance" at more than $2,500, the amount sought in the bill intro-

duced in the House of Representatives at the session of 1901; this amount doubtless being fixed with the approval of the claimant, though the claim filed in this case is for $5,000, the amount sought by the bill introduced in the Senate of the same session. We refer to this only as giving presumably the claimant's original idea as to the amount satisfactory to him; and call attention to the discrepancy between the amounts sought respectively in the House bill on the one hand ($2,500), and of the Senate bill and claim filed in this case, on the other ($5,000.)

It is not an agreeable duty for this Commission to refuse awards in such cases. But under the law as we feel bound to interpret it, we reject this claim, without prejudice, however, to other relief.