### JULIUS A. PRATT v. HENRY TUDOR.

A builder's lien under the statute, by virtue of a contract in writing duly recorded, does not entitle him to retain possession, against the owner, after the completion of the building, until the lien is discharged. His remedy is by suit to enforce the lien.

*Quere?* Whether this case decides that where a mechanic builds a house upon verbal contract, or contract in writing not duly recorded, the owner can recover possession of the house without paying the price, or having clandestinely obtained possession, can successfully resist a suit by the mechanic to recover the possession.

Appeal from Calhoun.

*A. S. Cunningham,* for appellant.

*Lytle & Stockdale,* for appellee.

HEMPHILL, CH. J.   This suit was originally brought by Tudor, the appellee, against the appellant, Julius A. Pratt, before a Justice's Court under the statute to regulate proceedings in forcible entry and detainer. The suit was commenced in September, 1852, and the complaint set forth an agreement between plaintiff and defendant for the erection of a dwelling house by the plaintiff on a lot of the defendant to be completed by the first day of May, 1851, at a sum stipulated in said agreement; that the said contract was duly executed, authenticated and recorded according to law, and that said Tudor had complied with the contract, but that the said Pratt had not fulfilled the same on his part, having paid but part of the price, the balance with the interest remaining unpaid.

The plaintiff (who is appellee in this Court) further represented that having a lien upon said House, he refused to deliver possession until the balance due was paid by defendant, and

that he has not yet delivered the same, but that in disregard of plaintiff's rights of possession, the said Pratt has forcibly taken possession of said house and premises, and although notified has refused to quit the same and deliver the possession.

There was judgment for the plaintiff before the Magistrate's Court, and on *certiorari* there was verdict and judgment for plaintiff in the District Court.

The evidence before the District Court was extremely meager. The plaintiff offered the agreement between plaintiff and defendant, also a draft drawn by the defendant on Coffin & Sherwood, 64 Pearl street, New York, and the protest of the same. Plaintiff introduced a witness who testified that he knew the house built by plaintiff for the defendant; Capt. Pratt, was in the house; (the defendant's counsel admitted that he was in the house at the trial of the suit,) and some extra work was done on the house by plaintiff and himself.

The plaintiff's counsel called on J. A. Pratt, the defendant, as a witness, who stated that the plaintiff never delivered him any possession of the house, that at one time plaintiff loaned him a key of the back door to show it to some persons.

It may be remarked that the receipt for the draft above referred to, and which was endorsed on the agreement, showed that the draft was paid by S. A. White & Co., and that the lien was transferred by plaintiff to them. This circumstance was not adverted to by either party, and what effect it might have on the plaintiff need not be considered with any view to affect the rights of the parties.

The Court charged the jury that if they believed from the testimony, that at the institution of this suit, Pratt was in possession of his house, built by Tudor, he, Tudor, had lost his lien and could only recover in an ordinary action at law.

The errors assigned are, 1st. In overruling the demurrer to the plaintiff's complaint and cause of action.

2nd. In refusing to set aside the verdict of the jury and grant a new trial.

There is no demurrer on file in the record, but there was

probably one in fact; a bill of exceptions was signed to the de-cision of the Court in overruling the demurrer. Under this head we will consider whether a mechanic, by virtue of the lien given him by the statute, has a right to the possession of the building or buildings erected by him, and also the possession of the lot, tract or parcel of land on which such building may be put up and erected. At Common Law the mechanic or builder who made repairs or improvements on real estate, had no lien on the property for compensation, and we must look alone to the statute for the nature and extent of the right con-ferred by such lien.

The statute declares that master builders, and mechanics of every denomination, contracting in writing to put up and erect buildings of any and every description, shall have a lien in the nature of a mortgage on all such buildings as they may put up, erect or work upon, until the price for such services is fully paid, unless a contrary stipulation be made and agreed upon at the time it is entered into; provided that such lien shall not have priority over *bona fide* mortgages and incumbrances duly recorded, &c.; and provided also, that in all cases such builder or mechanic shall have an exclusive lien on all improvements made by him to the extent of his claim for the same. The second Section of the statute has been so amended as to de-clare that the contract must be recorded within thirty days after its execution, otherwise it will be inoperative as against persons who have no notice of its existence. In the third Section provision is made for the foreclosure of the lien; and the inter-est which the defendant had at the time of making the contract in the tract, parcel or lot of land and also the buildings and improvements thereon, are directed to be sold in satisfaction of said lien—the plaintiff having the right also to levy his exe-cution on any other property of the defendant.

As said above, the builder had no lien at Common Law. This statute gives him a lien but does not prescribe which party shall retain possession until the lien is satisfied. It describes the character of the lien to be one in the nature of a mortgage.

Now in this State a mortgage, having the ordinary stipulations, does not give the mortgagee possession or the right of possession ; and this is the case even after forfeiture, and more especially is it the case with reference to real property. Parties may stipulate that the motgagee shall have possession, or they may, by their acts, show that the possession held by the mortgagee commenced with the assent of both parties ; and possession in such cases would have the effects and incidents attached to it by law ; but as a general rule, the right of possession remains with the mortgagor. A mortgage in equity and by construction under our laws, is regarded but an incident, a security for the debt ; and the mortgagor would be entitled to the possession unless in special cases, as for instance, where a vendor, having executed a deed, retains possession under a mortgage for the purchase money, &c. (Dunlap v. Wright, 11 Tex. R. 597.)

The builder's lien, being but in the nature of a mortgage, does not give him the right of possession, but is only security for his labor. Had the statute indicated, by implication even, that the builder should have possession until paid, such indication would be conclusive in favor of the right, notwithstanding the character of the lien was assimilated in the statute to that of a mortgage.

But there is nothing in the statute which would indicate that a higher lien than that by mortgage was given. The law does not contemplate that satisfaction shall be had out of the rents and profits. It provides that it may be had by suit and sale under judgment or decree, and in fact the provision for satisfaction is nearly equivalent or identical with that in case of a mortgage. The lien is not made to depend on possession, but upon the agreement being in writing and duly recorded. There is no authority for immediate sale and satisfaction, and certainly unless it be plainly provided by law, we are not to presume an intention that owners should be debarred the use of their property until the termination of a suit of which the main issue might be whether there was anything owing on the

contract or not, and which might by accidents be prolonged for years.

But the statute furnishes intrinsic evidence that only a lien, not possession was intended. The lien is not only on the building put up or worked upon, but also on the tract, parcel or lot of land. Can we suppose it intended by the statute, that the erection of a kitchen, stable or out-house or any work about the dwelling house or out-house, if done under a contract in writing, should give the mechanic possession not only of the building but of the whole tract of land including the plantation and all its improvements, and of course excluding the owner and his family from possession, and making them in all their acts guilty of trespass  Such an absurdity cannot be presumed, and especially where the obvious construction of the law would, while operating no mischief to the owner, secure to the builder all that may be actually due to him on the contract.

The supposition that possession must follow and accompany the lien under the statute, is founded upon the lien given to mechanics, factors, agents, &c., at Common Law, on personal property. A miller, tailor, printer, blacksmith, &c., who takes property, by way of his trade or occupation, to bestow labor or expense upon it, has a lien on such property until paid ; and possession is essential, not only to the creation but continuance of such lien, for it would be extremely inconvenient to the freedom of trade and safety of purchasers, if a lien was to follow such goods after they were sold or delivered (2 Kent, 639.)

But no such inconvenience would follow the want of possession under the lien on real property, given by the statute. The lien is placed on record as any other mortgage, and when paid satisfaction can be entered as upon any other incumbrance.

These views lead to the conclusion that a builder has not by virtue of his contract alone, the right to possession, unless he has especially stipulated for possession, or the acts of the owner show that he has assented to such possession.

If we look to the facts as proven in this case, even on the

presumption that the lien would give possession, yet no case is made out against the defendant. It is admitted that he is in possession, and there is no evidence that the plaintiff ever was in possession. At one time it is said the plaintiff loaned the key of the back door to the owner, but as more than one year elapsed between the erection of the building and the commencement of suit, it might be very true that the building may have been locked at one time, but that is not proof or presumption that it was locked the whole time or that the defendant may not have entered a vacant house without force or violence.

If the rights of the plaintiff were scrutinized with any severity, it would be doubtful whether he has any such right as would authorize him, for his own benefit, to bring this or any action on this contract. He seems to have been paid and his lien transferred to assignees. But waiving this and all other considerations arising out of the insufficiency of his evidence, we are of opinion that he had no such right under his contract as would authorize him to keep or recover possession from the owner ; and the judgments, as well before the Justice as the District Court, are ordered to be reversed, and the suit ordered to be dismissed from the Court.

Reversed and dismissed.