## DEVLIN a. HOPE.

*Supreme Court, First District; At Chambers, May, 1863.*

RECEIVER.*—PERISHABLE INTERESTS.—DENIAL OF EQUITIES.—
LEAVE TO RENEW MOTION.

A receiver will not be appointed of a contract held by a trustee for the benefit of several persons, on the application of a *cestui que trust* having but a small interest in the profits, where the appointment would operate to deprive the contractors of money sufficient to perform the contract, and the trustee is pecuniarily responsible, and not guilty of any breach of duty involving moral turpitude.

---

* In WEBB a. VAN ZANDT (*New York Common Pleas; At Chambers, February*, 1863), it was *Held*, that an injunction may be granted, and a receiver of the property in controversy appointed, in a proceeding to foreclose a mechanic's lien. In case the claimant has another action pending to recover the same amount, a receiver may properly be refused, except on terms of his discontinuing such action.

The case came up on a motion for an injunction and receiver.

This was a proceeding under the Mechanics' Lien Law, instituted by James Webb against Wynant Van Zandt, to enforce a builder's lien for $9,257.77. The contract under which the house was erected provided for payment in three instalments,—two at different stages of the work, the third when the work was completed. There were several defences, two of which were that the notice of lien was not filed within six months after the separate portions of the work to be paid for by each instalment were completed, and that there was another action pending in the Supreme Court for the same work, labor, materials, &c., and cause of action mentioned in the complaint. These defences, subsequently, were held not frivolous by the general term. (*Ante*, 190.) The plaintiff, on these pleadings, and on affidavits of inadequacy of security, moved for a receiver of the rents and an injunction.

*Francis Tillou*, for the motion, argued that the subject-matter of the action was in danger of waste, and that, in analogy to mortgage cases, a receiver should be appointed.

*Philip J. Joachimsen*, opposed.—I. The court has no jurisdiction to grant a provisional remedy in a proceeding under the lien law. The matter is, by the law itself, governed by the rules applicable to actions "for the recovery of money." In such actions, an injunction and receiver cannot be had before judgment. Nor does the filing of a notice of lien give the claimant an interest in land which the court can by a provisional remedy protect.

II. A notice of lien must be filed within six months after the performance of

Where an application for a receiver was denied partially, upon the ground that to grant it would practically destroy the interests in dispute, and also because the equities of the plaintiff were almost entirely controverted by the answer,— *Held,* that leave to renew the application upon additional evidence should be given.

Motion for an injunction and the appointment of a receiver.

This action was brought by Charles Devlin against Thomas and Anthony S. Hope, Donaldson, and others. One Hackley had entered into a contract with the city of New York to clean the streets for a term of years for a specified compensation. Subsequently, Hackley, to obtain funds sufficient to enable him to perform his contract, had assigned various interests in the profits of the contract,—among others, the present plaintiff was entitled to one-eighth of such profits. Hackley had given security to the city for the due performance of the work. To indemnify his sureties, as well as to obtain money to pay the expenses of performing the contract, the defendant Hope, who was to advance this money, had been appointed trustee to receive the moneys growing due from the city under the con-

---

the work, and it appears here, as to the greatest part of the claim, that the notice was filed after the expiration of the six months.

III. There is another action pending between the same parties for the same cause. This is a perfect defence under the Code, and was so in equity before the Code. (*Code,* § 144; Rogers *a.* Vosburgh, 4 *Johns. Ch.*, 84; Livingston *a.* Kane, 3 *Ib.*, 224; *Eden on Inj.*, 27.) The plaintiff should be put to his election of suits.

*Francis Tillou,* in reply.—I. The filing of the notice of lien is clearly sufficient.

II. The defence of another action pending is not admissible. (Randolph *a.* Leary, 3 *E. D. Smith*, 540; Doughty *a.* Devlin, 1 *Ib.*, 644; Cronkright *a.* Thompson, *Ib.*, 661; Gridley *a.* Rockland, *Ib.*, 671.) The filing of the notice of claim is no bar to a distinct personal action against the owner or contractor. (Pollock *a.* Ehle, 2 *Ib.*, 541; Maxey *a.* Larkin, *Ib.*, 540; Cremer *a.* Byrnes, 4 *Ib.*, 178; Jackson *a.* Hall, 10 *Johns.*, 481.) The remedy by the lien law is cumulative.

HILTON, J.—Not deciding the point raised by Mr. Joachimsen as to the sufficiency of the notice of lien, I conclude to exercise the power of appointing a receiver *pendente lite,* and putting plaintiff to an election of suits.

The plaintiff may have ten days to elect which of the two actions which he has commenced for the same cause against the defendant,—that is, the action in the Supreme Court, and the present suit,—he desires to prosecute.

If he elects to discontinue the action in the Supreme Court, and actually does so within ten days, then the motion in this case for an injunction and receiver will be granted, and Bartholomew O'Connor will be appointed such receiver, on giving security in $1,000. Otherwise the motion will be denied, with costs.

tract, to deduct therefrom his advances, and afterwards to pay over to the parties interested in the profits. Various allegations of improper conduct on the part of the trustee were met by him as stated in the opinion. A temporary injunction had been obtained, which plaintiff now moved to continue, and that a receiver be appointed.

*Albert Cardozo*, for the motion.

*Capron & Lake*, *Chapman & Hitchcock*, *Paris G. Clark*, and *John E. Burrill*, opposed.—I. The contract is made with Hackley, and not with his assigns, and calls for the performance of personal services on his part, and cannot be assigned without the consent of the Corporation and of the sureties.

II. The plaintiff never acquired any interest in the contract, but merely became entitled to a proportionate share of the net profits to be realized therefrom.

III. The relation of partnership was not created between the plaintiff and the defendants in respect to the contract. Even if there was, there was none between plaintiff and defendants, because a new partner cannot be brought in without the consent of all the partners. (1 *Collyer on Part.*, ch. 1, §§ 1–8 ; *Story on Part.*, § 5.) The plaintiff may be jointly interested in Hackley's share of the profits, and not be a partner with others interested. (Putnam *a.* Wise, 1 *Hill*, 234 ; *Exp.* Barrow, 2 *Rose. Cas.*, 254 ; 17 *Johns.*, 535 ; 7 *Pick.*, 235.)

IV. The motion for the injunction should be denied, and the preliminary injunction dissolved. 1. It does not appear, by the complaint, that the relief to which the plaintiff will be entitled consists in restraining the commission or continuance of any act which will produce injury to the plaintiff. (*Code*, § 219.) 2. It is not alleged that the defendants have done or intended any act, the commission of which during litigation would injure the plaintiff. (*Code*, § 219 ; Hovey *a.* McCrea, 4 *How. Pr.*, 31 ; Bayaud *a.* Fellows, 28 *Barb.*, 451 ; Woodward *a.* Schatzell, 3 *Johns. Ch.*, 412.) 3. It is not alleged that the defendants are insolvent, or that the amount to which the plaintiff may be entitled is endangered. (Newbury *a.* Newbury, 6 *How. Pr.*, 182 ; Balcom *a.* Julien, 22 *Ib.*, 349 ; Power *a.* Alger, 13 *Abbotts' Pr.*, 295 ; West *a.* Swan, 3 *Edw.*, 420.)

Devlin *a.* Hope.

4. If the parties interested in the working of the contract are to be regarded as partners, the plaintiff is not entitled to an injunction. Equity never interferes between partners to compel a continuance of copartnership, by decreeing a specific performance, or by enjoining a breach of the agreement, or to compel an accounting, or for any other purpose, save with the view and object of granting a dissolution. (Marshall *a.* Coleman, 2 *Jac. & W.*, 266; Forman *a.* Humfray, 2 *Ves. & B.*, 329; Lascombe *a.* Russell, 4 *Sim.*, 8; Knebell *a.* White, 2 *Y. & Coll.*, 15; *Story on Part.*, § 229; Hall *a.* Hall, 3 *Eng. L. & Eq.*, 191.)

V. The plaintiff is not entitled to a receiver. 1. This case is not within section 244 of the Code. 2. Receivers are never appointed *pendente lite*, except for the purpose of a dissolution of the unity of interest in the property, and to enable the court to close and wind up the business affected by the receivership. (*Story on Part.*, §§ 228, 231; Oliver *a.* Hamilton, 2 *Ans.*, 453; Waters *a.* Taylor, 15 *Ves.*, 10; Henn *a.* Walsh, 2 *Edw.*, 129; Garretson *a.* Weaver, 3 *Ib.*, 385; Hall *a.* Hall, 3 *Eng. L. & Eq.*, 191.) 3. The court will not appoint a receiver with the view and for the purpose of carrying on or continuing the business. (Jackson *a.* De Forest, 14 *How. Pr.*, 82, 83; 1 *Barb. Ch.*, 662; *Story on Part.*, §§ 228–231; West *a.* Swan, 3 *Edw.*, 420.) 4. In cases where a receivership will be ruinous to the defendants, and destructive of the object of the enterprise, the plaintiff must make out a case of the grossest character, to authorize the interference of the court. (Waters *a.* Taylor, 15 *Ves.*, 10.) 5. Where the plaintiff will not be prejudiced by the refusal of the court to interfere, and such interference may prove disastrous to the defendants, the court will not interfere. (McCafferty *a.* Glazier, 10 *How. Pr.*, 475; Gallatin *a.* Oriental Bank, 16 *Ib.*, 253; Bruce *a.* Delaware & Hudson Canal Co., 19 *Barb.*, 371; *Hoffm. Prov. Rem.*, 146.) 6. The defendants have the legal title to, and are in possession of the subject-matter of the litigation, and the court will not take the property out of their hands, when the plaintiff's interest is denied, and there is no allegation of insolvency. (Hannan *a.* Jones, 1 *Craig & Phil.*, 299; Goulding *a.* Bain, 4 *Sandf.*, 716.)

VI. The motion should be denied for other reasons. 1. The

plaintiff is not entitled to the relief demanded by the complaint. 2. All the allegations of the complaint on which the plaintiff bases his alleged equities are denied by the defendants. 3. The defendants are largely in advance for moneys furnished to carry on the contract, and that the contract is now greatly in debt. 4. The mayor, aldermen, and commonalty are necessary parties to the action, and so also is Hackley.

VII. The Hackley contract is an act of the Corporation of New York city, performed as a public trust for the public interest, and its constant execution is essential to the attainment of that end. The case, so far as the injunction is concerned, falls within the class of cases in which the court will not enjoin public officers from the discharge of public trusts merely to promote the interests of individuals. To restrain the payment of the money by the comptroller, and receipt by the trustee, is virtually enjoining the prosecution of the work. (5 *Abbotts' Pr.*, 41; 7 *Ib.*, 108; 10 *How. Pr.*, 475; 16 *Ib.*, 140; 26 *Barb.*, 301.)

LEONARD, J.—If a receiver of the contract between Hackley and the Corporation of New York were to be appointed, its further performance must be carried on under the direction of the court, or else its performance must be abandoned.

The inquiry arises, where are the funds to be obtained to meet the outlay necessarily required for the payment of workmen, &c., should a receiver, under the direction of the court, attempt such an enterprise?

It is manifest, from the statement of the proposition, that such a scheme cannot be attempted without the concurrence of the majority of the parties in interest.

The trustee might be charged, perhaps, if a proper case were made for such an application.

An injunction or receiver would be to destroy the value of the contract, unless it was so arranged that the work of cleaning the streets could continue to be performed.

The motion is made upon the complaint, not sustained by other corroborating evidence.

The trustee has fully denied all the charges of the complaint, except the allegations that he has refused to account to the plaintiff, and that other defendants have received money which

the trustee ought to have collected, and which the others had no right to receive.

There can be no doubt, on the case shown by the complaint, that the plaintiff is entitled to see the books of the trustee, and to know how he has expended the money which has come to his hands, as well as what money he has collected.

It is not suggested, however, that the trustee is irresponsible. The omission fully to answer the allegations of the complaint referred to does not disclose such turpitude or misconduct on the part of the trustee as will, under the circumstances of this case, justify this court in interfering so far as to appoint a receiver or to continue the injunction.

It is an important fact that the plaintiff represents an interest equal to one-eighth only, while the other larger interests concur in opposing the plaintiff's application.

It may be that the plaintiff can, by taking evidence, make his case stronger to support his present application.

It is proper, therefore, to allow him to renew the motion whenever he can present such additional proof.

The motion will be denied, with leave to renew on additional evidence.

The usual costs of motion will abide the event.

---

McIVOR *a.* McCABE.

*New York Superior Court; At Chambers, July,* 1863.

NEW YORK SUPERIOR COURT.—JURISDICTION.—ACTION FOR PERSONAL INJURY.—WRONGS COMMITTED IN A FOREIGN STATE.

Except in so far as the place of trial in actions to recover damages for injuries to the person has been regulated by 2 Rev. Stat., 409, such actions are transitory, and triable in any county which the plaintiff may elect.

The common-law jurisdiction of the New York Superior Court, except in its territorial limitation, is coequal with that of the Supreme Court; any action which is triable in the latter is triable in the former, provided the defendant resides, or is served with process, within the city of New York.