Brady, J.
The act of 1863 (Laws of 1863) in relation to mechanic’s liens, provides by section 11 as follows: “Liens shall in all cases cease after one year, unless, by order of court, the lien is continued, and a new docket made stating the fact (without a discharge of the lien).”
The application for the continuation of the lien should be made before the expiration of the year ensuing its creation. The statute is imperative. It invests neither judge nor court with any discretion after the expiration of the year. It shall cease. The legislature intended to confer power upon the court in which proceedings were pending, to continue the lien, and gave the tribunal a proper jurisdiction to be exercised with discretion. It may be that in many cases an application to continue a lien would be refused for reasons which it is not necessary to state in detail, such as an informality which rendered it undoubtedly invalid, or upon proof that it was not bona fide. The power given by section 11 is to continue. That is “to extend,” in duration, to prolong; *175 not to revive, which would "be the effect of any order continuing the lien, made after the expiration of the year.
This statute is in derogation of the common law, and to be construed strictly. The object of limiting the lien to one year was to relieve the owner from a burden which should not be prolonged unnecessarily, and to exact from the lienor diligence in the enforcement of his lien. It is the practice of the court generally to grant the order ex-parte (Welch v. Mayor, 19 Abb. Pr., 132), and the power conferred upon us is therefore exercised beneficially. The plaintiff could without much labor have saved his rights, and not having performed it, is chargeable with laches, which do not commend him especially to our consideration.
It may be said in addition that where the year expires and no order of continuance has been granted, it may be assumed by all persons that the lien has ceased, and authorize them to found upon that circumstance any enterprise or dealing.
The order appealed from should be affirmed. •
Barrett, J.
I entirely agree that after the year has elapsed no court has power to continue the lien. The application here was for an order nunc pro tunc, and was properly denied.
But in my judgment the plaintiff’s rights are not necessarily lost, as his application assumes, and as Judge Beady intimates. The defendant purchased the premises within the year, subject to the lien, and the plaintiff commenced proceedings to enforce such lien before the expiration of the year. "Under such circumstances, upon the lienor filing with the county clerk a notice of the commencement of the suit, with an affidavit of service, as required by section 6 of the act in question, I do not deem the procurement of an order continuing the lien to be necessary, in aid or for the effectual prosecution of the proceedings. The commencement of such proceedings while the lien is in full force is in the nature of a foreclosure. The notice thereof filed with the county clerk *176 has the effect of a lis pendens, and the judgment therein relates hack to the time of the filing of the lien (Section 1; and compare the previous act as expounded in Paine v. Bonney, 4 E. D. Smith, 734).
The lien, it is true, is not continued unless the order he procured within the year; hut, on the other hand, it is not discharged (section 11). Now it is not a continuation nor an extension which is sought or needed, hut an enforcement of that “absolute lien” (section 1) which existed at the time of instituting the proceedings. Then, if at all, the party was entitled to our decree, and then lie would have had it but for the necessary imperfection of human justice. In such a case the law should not recognize the delay which its practical workings necessitate, but should mete out justice as of the date when it was invoked. Otherwise, the enforcement of a party’s rights in these proceedings will depend upon the condition of our calendars and the discretion of judges with respect to the renewal. That such was not the legislature’ s intention is obvious. Section 6 provides for the filing with the county clerk, and the en‘ry * upon his docket of notice that a suit has been commenced upon the lien. Section 10 provides several modes of discharging the lien ; one is by depositing with the county clerk, to be held as substitute for the realty, the amount of the lien and interest, and, in case an action shall have been commenced, such additional amount as security for the costs therein as a judge of the court shall deem proper. Another mode is by the entry of an order to discharge, made by any judge of a court of record on “ due proof that one year has elapsed, and that no action or proceeding has been had on such lien, and upon a certificate of the clerk that no notice of such proceeding has been filed with him.” Even a judgment exempting the property is not permitted to work a discharge during the ten days immediately following its rendition, nor then in case an appeal be taken.
Coupling these provisions with the parenthesis appended to section 11, whereby the very lien, which, for *177 want of an order of renewal, has ceased, is continued undischarged, and considering that, "by section 10, it can only he discharged in invitum "by a certificate that no notice of proceedings has been filed, it becomes apparent that the act contemplates the continuation of the existing suit, and the enforcement of the undischarged although unrenewed lien.
Let us suppose a similar provision in the law of chattel mortgages. The mortgagee seeks to foreclose within the year, but is refused physical possession. He brings replevin, and the sheriff seizes the property. In such a case I take it that a continuation of the lien would be unnecessary, and the rights of the mortgagee would be determined as of the day when he commenced his suit, and that, whether the property were delivered to him or retained by the sheriff pending the suit, or rebonded and delivered to the defendant.
Here the proceeding is in rem. Its commencement, followed up by the Us pendens, is the statutory substitute for an actual seizure, and the property, pending the litigation, may thus be said to be quasi in custodia, legis. Indeed, in a proper case, an injunction may be granted, and even a receiver pendente lite appointed (Webb v. Van Zandt, 16 Abb. Pr., 314, note). The lienor’s rights are thus in theory reduced to possession, practical effect being given to them by the decree, which works either a confirmation of such possession, or the release of the property therefrom.
Concurring, however, as I do in the result, the order should be affirmed.