GEO. L. ROBERTSON v. PHILLIPS & WARRICK.

(No. 2681, Op. Book No. 4.)

APPEAL from Travis County. Opinion by WHITE, P. J.

§ 477. *Petition; insufficiency of, on draft.* The draft sued upon was not attached to or made a part of the petition by way of exhibit, nor did the petition allege that McCreery & Robertson, being indebted to plaintiffs, accepted said draft; nor is it anywhere alleged that they accepted the draft for a valuable consideration, or for value received. If the draft had gone into the hands of a third party, then, perhaps, an allegation that it was accepted for a valuable consideration would have been unnecessary, though in such cases it seems the allegation is usually made. [Jones v. Holliday, 11 Tex. 412; Henderson v. Glass, 16 Tex. 559; Sayles & Bassett's Plead. & Prac. § 6; id. Forms Nos. 63, 64 and 65.] And so, where the instrument is copied into the petition, and is a promise to pay money for value received, an action can be sustained without alleging the particular consideration of the promise. [Williams v. Edwards, 14 Tex. 41.] In the case before us, the drawers of the draft are also the payees and holders, it having never gone into the hands of a third party; they are also the plaintiffs who sue upon it.

It may have been accepted for accommodation merely; if so, the drawers would have no right of action against them whatever. Under the circumstances, we are clearly of opinion that the petition should have alleged an indebtedness on the part of defendants, or that they had accepted the draft for value received; failing to do so, it was insufficient on general demurrer, and did not state a valid cause of action.

May 12, 1883.                    Reversed and remanded.