ALBERT J. STONE

*v.*

ALBERT S. TYLER *et al.*

173    147
199   ²301

*Opinion filed April 21, 1898—Rehearing denied June 10, 1898.*

1. MECHANICS' LIENS—*in absence of statutory authority receiver can not be appointed in mechanic's lien proceedings.* The complainant in proceedings to forclose a mechanic's lien is not entitled to a receiver of the rents and profits of the property *pendente lite*, in the absence of statutory authority.

2. SAME—*statute did not authorize a receiver in mechanic's lien cases prior to the act of 1895.* Prior to the passage of the Mechanic's Lien act of 1895 there was no statutory authority for the appointment of a receiver, in mechanic's lien proceedings, to take charge of the rents and profits of the property *pendente lite*.

3. SAME—*act of 1895 does not apply to actions then pending.* Section 40 of the Mechanic's Lien act of 1895, (Laws of 1895, p. 242,) which, after repealing former acts, provides "that this section shall not be so construed as to affect any rights existing or actions pending at the time this act shall take effect," confines the act to future cases.

4. SAME—*decree appointing receiver in action pending when act of 1895 took effect is erroneous.* A decree in a mechanic's lien proceeding pending when the Mechanic's Lien act of 1895 took effect, which provides for the appointment of a receiver of the rents and profits of the property *pendente lite,* is erroneous, as the proceeding is not governed by the act of 1895 but by the act of 1874 and its amendment of 1887, which do not authorize such appointment.

5. SAME—*mortgagor's right to redeem is not such an ownership as will support a mechanic's lien.* A decree foreclosing a mechanic's lien is erroneous where, before its rendition, the property sought to be subjected to the lien had been sold under a decree in proceedings to foreclose a mortgage constituting a prior lien, as the mortgagor, having only the right to redeem, has no such ownership as will support a lien for labor or materials furnished on the property.

6. SAME—*act of 1874 does not authorize personal execution to issue in first instance.* Under section 25 of the Mechanic's Lien act of 1874 (Rev. Stat. 1874, p. 667,) the court may, on foreclosing a lien, decree that an execution issue for any deficiency remaining after the sale of the property, but there is no provision of such act which authorizes a personal execution to issue in the first instance.

*Stone* v. *Tyler,* 67 Ill. App. 17, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

The original petition was filed herein on September 22, 1892, and was a petition for a mechanic's lien. It set forth a contract made in 1891 by the appellees with the appellant for furnishing and setting the glass in a building then being constructed by appellant on a certain lot in the city of Chicago, then owned in fee simple by appellant. The petition alleges, that the glass was furnished and set in the building between November 13, 1891, and September, 1892. The original petition made the appellant and the Northwestern Mutual Life Insurance Company defendants. Two other persons were also made defendants, but as to these the suit was subsequently dismissed. An answer was filed by the appellant on January 6, 1893, admitting the making of the contract as set

forth in the petition, admitting also the title to be in the defendant as alleged and furthermore admitting that the contract was performed by the appellees in part, but alleging that it was performed so negligently, that some of the glass fell from the doors and windows, and was broken and destroyed, so that appellant was compelled to employ other dealers to replace it, and for that purpose to expend $174.17. On May 9, 1894, the case was referred to a master in chancery to take and report the evidence and his conclusions. The master filed his report on December 10, 1895, finding that the contract had been made as alleged; that the work had been completed on or about July 7, 1892, and that there was due to petitioners, for principal and interest, on account of glass furnished and set, the sum of $3330.49; and that petitioners were entitled to a lien on the building and premises to the amount aforesaid. The report of the master recommended that the prayer of the petition be granted.

On January 19, 1892, appellant executed a mortgage upon said real estate and building to the Northwestern Mutual Life Insurance Company to secure a loan of $75,-000.00. Appellees agreed, that this mortgage should be a lien upon the building and real estate prior and superior to their mechanic's lien. This agreement seems to have been made by the appellees on account of a promise made to them by appellant, that he would pay them the amount of their claim out of the money loaned by the insurance company upon the mortgage. On April 16, 1895, the mortgagee, the insurance company, filed its bill in the United States Circuit Court for the Northern District of Illinois to foreclose said mortgage against the appellant, and the appellees, and others. In said foreclosure suit in the Federal court appellant and appellees were duly served with summons. On October 23, 1895, a foreclosure decree was therein entered for the amount due upon the mortgage, including interest and costs, and directing that, in default of payment within a certain

time, the master in chancery of the Federal court should sell the property. On December 4, 1895, under said foreclosure decree, the master sold the said real estate and building to the company, the mortgagee, for the sum of $90,776.27, being the amount due the company under the decree, including interest and costs. A certificate of purchase was issued to the company, as purchaser at said foreclosure sale, on December 5, 1895, and recorded in the recorder's office of Cook county on that day. On certain dates in 1894 and 1895 judgments were rendered in the circuit and Superior Courts of Cook county in favor of certain creditors against the appellant to the amount of $379,335.54, on which executions were issued, and returned *nulla bona.*

In the mechanic's lien suit, so as aforesaid begun in the court below on September 22, 1892, by the present appellees, a supplemental petition was filed by the appellees on December 12, 1895, and against the appellant and said mortgagee, the insurance company, to which the appellant filed an answer on January 18, 1896. Default was entered against the insurance company in the mechanic's lien suit. On February 21, 1896, the appellees filed in the court below, pursuant to leave granted, an amended supplemental petition, an answer to which was filed by the appellant on February 24, 1896. The amended supplemental petition, filed against the appellant and the insurance company as defendants, sets forth that the original petition for a mechanic's lien was filed on September 22, 1892; that the same was answered by appellant; that default was entered against the insurance company; that the cause was referred to the master; that the master made a report, finding the amount due as above stated, and that appellees were entitled to a lien. The amended supplemental petition also sets forth, that a bill to foreclose was filed in the Federal court by the insurance company, and that a decree of sale was entered, and sale made as hereinbefore stated; that pe-

titioners, the present appellees, consented to give the insurance company priority of lien over their mechanic's lien at the request of the appellant; and that appellees, on account of the superiority of the lien of said mortgage, refused to go into the United States court to prosecute their claim for a lien.

The amended supplemental petition of the present appellees, so filed on February 21, 1896, "further represents that under the provisions of the Mechanic's Lien law now in force a receiver may be appointed to collect the rents, issues and profits of real estate on which a mechanic's lien is claimed." The amended supplemental petition also alleges, that Stone has failed to pay the appellees the amount due them, and that the building upon the premises is rented, and the appellant is collecting rents therefrom; that judgments, aggregating the amount aforesaid, have been rendered against appellant which are unsatisfied; that appellant is insolvent; and that, unless a receiver is appointed to collect the rents and profits, the petition of appellees for a mechanic's lien will be nugatory, and the rights of the petitioners will be unduly prejudiced. Said petition, therefore, prays that a receiver be appointed to take charge of and manage the property, and collect the rents, issues and profits thereof, with the usual powers of receivers in chancery. The answer of the appellant to the amended supplemental petition denies his insolvency, and charges the appellees with *laches* in the prosecution of their mechanic's lien suit, and with a failure to adjust with him the amount of credit claimed by him as aforesaid on account of the defective manner in which, as he claimed, the appellees had done their work; but the appellant admits in his answer the allegations of the supplemental petition as to the prior proceedings had in the mechanic's lien suit, as to the proceedings in the Federal court, and as to the judgments aforesaid. The answer denies, that the petitioners are entitled to the relief asked and prays the

same advantage, as if there had been a demurrer to the amended supplemental petition. On February 27, 1896, in the mechanic's lien suit the court below appointed one MaKeel receiver to collect the rents of said premises in accordance with the prayer of the amended supplemental petition.

On May 28, 1896, the court below rendered a final decree in the mechanic's lien suit, finding that the appellant on November 14, 1891, owned said real estate described in the petition; that on November 14, 1891, a contract was made, and glass furnished, and set under the contract, as alleged in the petition. The decree also finds, that the mortgage above described was executed to the insurance company, and that the proceedings to foreclose the same, resulting in decree and sale, were had in the United States court as above stated; that the judgments aforesaid were rendered and executions upon the same issued and returned unsatisfied; that the real estate, having been sold under said foreclosure decree, was scant security for the claim of appellees; that appellant is insolvent; that the claim of appellees for a lien is superior to the lien or claim of all parties, except the lien of said insurance company; that MaKeel was appointed receiver and qualified; that the building was rented and producing an income; that the receiver has in his hands a certain amount of rents collected by him, "to which the lien of the petitioners herein ought to attach;" that the moneys in the receiver's hands should be applied in payment of the claim of the petitioners. The final decree orders, that the master's report be confirmed; that appellees are entitled to a lien for the amount already specified; that they have a lien on the funds in the hands of the receiver; that the receiver should turn over the funds in his hands to appellees until the amount due to them shall have been paid, unless appellant pays the same before that time; that petitioners have a mechanic's lien upon whatever interest appellant now has in said real

estate and building superior to all liens, except that of
the insurance company; that execution is not to issue for
the sale of appellant's present interest, unless he should
redeem said premises from the said sale within the time
allowed by law; and, in that case, unless the appellant
should before that time pay, or cause to be paid, the
amount decreed to be due petitioners from him, said mas-
ter shall proceed to sell the said real estate to satisfy
said amount; sale to be in accordance with the statute
regulating sales of real estate on execution by sheriffs;
that the master should make report of such sale, and out
of the proceeds pay costs, etc., and the amount due peti-
tioners, and deposit the balance, if any, in court.    The
decree confirms the interlocutory order, appointing the
receiver, and directs the receiver to continue to perform
the duties required of him, until fifteen months after the
sale made December 4, 1895, unless the amount due the
petitioners is sooner paid, or unless the premises are re-
deemed by a creditor of appellant.    The decree also di-
rects, unless the appellant "shall pay or cause to be paid
within ten days from the date of this decree to petitioners
herein or their solicitor the said sum of $3401.66, together
with interest thereon at the rate of five per cent per an-
num from the date of the entry of this decree, and costs
of this proceeding, including $142.50 to the master herein
for his fees, that execution issue against said Albert J.
Stone in favor of the petitioners herein for the amount
of this decree with interest and costs, less whatever may
have been paid before that time by the receiver herein to
petitioners."    The decree also orders that, should appel-
lant not redeem from said sale of December 4, 1895, within
the time allowed by law, then petitioners may redecm
as decree creditors, as of September 22, 1892, as senior
judgment creditors "and that execution issue under this
decree for that purpose."

From the final decree thus entered on May 28, 1896, an
appeal was taken to the Appellate Court.    The latter

court affirmed said decree and the present appeal is prose-
cuted from such judgment of affirmance.

FRANK J. CRAWFORD, and C. D. F. SMITH, for appel-
lant.

EDWARD J. WALSH, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the
court:

The decree in this case must be regarded as erroneous
in three particulars:

*First*—The decree is erroneous because, being a decree
in a mechanic's lien suit, it directs the appointment of a
receiver to collect the rents and profits of the property
in question. It is true, that the act of 1895, entitled "An
act to revise the law in relation to mechanics' liens,"
which was passed and went into force on June 26, 1895,
provides, in section 12, that "the court shall have power
to appoint receivers for the property, on which liens are
sought to be enforced, in the same manner, for the same
causes, and for the same purposes as in cases of fore-
closure of mortgages," etc. (Laws of 1895, p. 231). But
the proceeding, under which the decree in the present
case was rendered, is not governed by the act of 1895.
This action to enforce a mechanic's lien was brought in
September, 1892, when the Mechanic's Lien law of 1874,
as amended in 1887, was in force. The master in chan-
cery, to whom the cause had been referred, had not yet
filed his report and the testimony by him taken, nor had
the decree in the case been rendered, when the act of
1895 went into force. In other words, the present pro-
ceeding to enforce the mechanic's lien was pending when
the act of 1895 went into force.

Section 40 of the act of 1895, after repealing the me-
chanic's lien laws, and the amendments thereto, thereto-
fore existing, contains, at its close, the following proviso:

"*Provided*, that this section shall not be so construed as to affect any rights existing or actions pending at the time this act shall take effect." In the recent case of *Andrews & Johnson Co.* v. *Atwood*, 167 Ill. 249, we said, with reference to this proviso in section 40: "Under this section as to all rights existing or actions pending the old law was left in force." Indeed, it is a well settled rule, that, in construing a statute, a prospective operation only will be given to it, unless its terms show a legislative intention that it shall have a retrospective effect. (*Knight* v. *Begole*, 56 Ill. 122; *People* v. *McClellan*, 137 id. 352; 15 Am. & Eng. Ency. of Law, p. 180). The language of the proviso in question clearly indicates, that it was the intention of the legislature that the act of 1895 should apply only to future cases, and should not have a retroactive operation. It follows that the present proceeding, being an action pending when the law of 1895 went into force, must be governed by the old law of 1874.

The Mechanic's Lien law of 1874, together with the amendments thereto passed in 1887, did not authorize the appointment of a receiver. In the absence of any statutory provision authorizing it to be done, the complainant, in an action for the foreclosure of a mechanic's lien, is not entitled to a receiver of the rents and profits of the property *pendente lite*. (15 Am. & Eng. Ency. of Law, p. 124; High on Receivers, (3d ed.) sec. 586; *Meyer* v. *Seebald*, 11 Abb. Pr. (N. S.) 326; *Pratt* v. *Tudor*, 14 Tex. 37).

*Second*—The decree was erroneous because, before its rendition, the property, sought to be subjected to the mechanic's lien, had been sold under a decree of foreclosure, entered in the United States Circuit Court in a proceeding to foreclose a mortgage, which is admitted to have been a prior lien to the lien of the present appellees.

When the present decree in the mechanic's lien suit was rendered, the appellant had no other interest in the premises than the right to redeem the same from the sale made in the Federal court. That sale was made on

December 4, 1895. During one year thereafter the appellant had the right to redeem the property, and was in possession, collecting the rents thereof. We have held that, after a decree of foreclosure of a mortgage, and a sale of the mortgaged premises under the circumstances here stated, the mortgagor has no such ownership in the premises, as will support a lien for labor done or materials furnished on the premises. (*Davis* v. *Connecticut Mutual Life Ins. Co.* 84 Ill. 508; *Green* v. *Sprague*, 120 id. 416). It follows, that the interest of the appellant, who contracted with the appellees, was divested by the decree in the Federal court.

*Third*—The decree is erroneous, for the reason that it is a personal decree against appellant in favor of appellees for the sums declared due them, with interest, fees and costs, and because it decrees that execution shall issue against the appellant, without providing first for a sale of the premises, and for the issuance of execution to make the deficiency after applying the proceeds of the sale upon the decree in favor of the appellees. In *Baptist Church* v. *Andrews*, 87 Ill. 172, we held that, on a petition to enforce a mechanic's lien, the 25th section of the Mechanic's Lien law of 1874 authorizes an execution to issue for any balance that remains, after selling the property on which the lien exists, but that no provision of that law authorizes a personal execution to issue in the first instance.

For the reasons here stated, the judgment of the Appellate Court and the decree of the circuit court are reversed, and the cause is remanded to the circuit court for further proceedings in accordance with the views herein expressed.        *Reversed and remanded.*