(68 App. Div. 15.)

## LIBBY v. LIBBY.

(Supreme Court, Appellate Division, First Department.  January 17, 1902.)

REPLEVIN—APPOINTMENT OF RECEIVER.

 A receiver pendente lite to take charge of the property was improperly appointed in replevin by a husband against his wife for bonds, stocks, notes, jewelry, and cash, on plaintiff's affidavit that defendant had departed from her residence without telling her sister, with whom she was living, where she was going, and had not returned, and that he was unable to furnish a sufficient bond to replevy the property, and the affidavit of defendant's sister that defendant took but a small valise with her, and that she kept her papers in a safety deposit box, but affiant did not know whether they had been removed; it not being shown that other available remedies were inadequate, or that a receiver was necessary to preserve the property.

Appeal from special term, New York county.

Replevin by Fred M. Libby against Josephine Libby.  From an order appointing a receiver pendente lite of the property, the defendant appeals.  Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

William P. Burr, for appellant.

W. T. Read, for respondent.

LAUGHLIN, J. This action was commenced on or subsequent to the 8th day of February, 1900, to recover the possession of certain personal property, consisting of bonds, stocks, notes, jewelry, and cash, which it is alleged in the complaint are owned by the plaintiff, and in the month of September, 1897, were wrongfully taken, and have been since that time wrongfully detained, by the defendant. The property was in the possession of the defendant and within the jurisdiction of the court, but no writ of replevin has been issued. The parties are husband and wife. Although not legally separated, they had not lived together for more than a year prior to the commencement of the action. The answer puts in issue the allegations of the complaint concerning the husband's ownership and right to possession of the property. The plaintiff's affidavit, read on the motion, showed that at the time the defendant took possession of the property the parties were living together as husband and wife, and she "had equal privilege with plaintiff to handle, inspect, and see" the securities and property; that since taking the property defendant has collected the interest coupons attached to the bonds, and has offered some of the securities, which are transferable by bearer, for sale; that a parol agreement for a settlement of the action was made between the parties, by which "the smaller part of the property" was to be returned to the plaintiff; that defendant, instead of keeping an appointment to meet plaintiff and consummate the said agreement on the 4th day of March, 1901, departed from her residence two days before, without telling her sister, with whom she was living, where she was going, and has not returned; that he believes she has left the state unexpectedly, and has taken the property in question with her; that he was unable to furnish a sufficient bond to replevy the property. A deposition of the defendant's sister, taken on the 6th day of March, 1901, pursuant to an order made six months before, authorizing it to be taken for use on a motion for the appointment of a receiver, showed that when the defendant went away, four days before, she took a small valise, but left her trunk and wearing apparel; that defendant kept her papers in a box in the Franklin Trust Company's vault, but the witness had no knowledge on the subject as to whether they had been removed or were still there. An opposing affidavit made by the attorney of the defendant showed that his client informed him that she was absent from the state temporarily, only visiting in Chicago, and expected to return shortly. If the property has been removed beyond the jurisdiction of the state,—as to which there is no competent evidence,—the order appointing the receiver will be ineffectual to give him possession. If it be still within the state, the plaintiff has an adequate legal remedy by replevin, or an injunction might be obtained to prevent the defendant from taking the property from the safety

vault, or disposing of it, or removing it from the state. Assuming, without deciding, that a receiver may be appointed in some stage of a replevin action (Code Civ. Proc. § 713; Cobbey, Repl. § 707; Hallenbush v. Blake, 119 Ind. 349, 21 N. E. 976; Dennistoun v. Draper, 5 Blatchf. 336, Fed. Cas. No. 3,804), before the defendant, who is in possession of the property under a claim of ownership, is burdened, in the event of succeeding, with the expense of a receivership, the plaintiff should show clearly the necessity of a receivership to preserve the property to answer the judgment, and that he has exhausted all other appropriate available remedies, or that they are inadequate; and especially in an action by a husband against his wife (Beach, Rec. 55; Adee v. Bigler, 81 N. Y. 349; Avery v. Woolen Co., 82 N. Y. 582; Star v. Rathbone, 1 Barb. 70; Jones v. Smith [C. C.] 40 Fed. 314). The case, as presented, did not justify the appointment of a receiver.

The order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs.

PATTERSON, INGRAHAM, and HATCH, JJ., concur.

VAN BRUNT, P. J. I concur in result. I do not think that a receiver can be appointed in an action of replevin.