# J. H. BACON v. J. P. ENGSTROM.[1]

## April 23, 1915.

## Nos. 19,275—(187).

**Appointment of receiver.**

1. The appointment of a receiver to take possession of property *pendente lite* is a matter resting largely in the discretion of the court. A receiver will be appointed for such purpose only under circumstances requiring summary relief or where the court is satisfied there is imminent danger of loss and where there is no adequate remedy at law. Such relief will not ordinarily be granted while the question of title is in dispute, at least unless the party making the application establishes a reasonable probability of his ultimate success in establishing title.

**Same — action for accounting.**

2. In this action for an accounting between alleged former partners, the court properly refused to authorize a receiver to take possession of property claimed by each as individual property.

Action in the district court for Meeker county for an accounting. Plaintiff procured an order requiring defendant to show cause why certain property should not be turned over by defendant to a receiver. From an order, Qvale, J., discharging the order to show cause, except as to the books of account, plaintiff appealed. Affirmed.

*Alva R. Hunt,* for appellant.

*Albert F. Foster,* for respondent.

HALLAM, J.

Plaintiff for many years operated a photograph gallery at Litchfield, Minnesota. In June, 1913, he entered into an agreement with defendant by which defendant was to assist him in the gallery and was to have as compensation one-half of the profits. Disagreements resulted and in January, 1915, defendant took possession of the books of account and most of the stock and supplies, and removed them from the gallery. Plaintiff then commenced an action in replevin

[1] Reported in 152 N. W. 264, 537.

and caused the property to be taken under a writ of replevin. Defendant rebonded and repossessed himself of the property. Thereupon plaintiff brought this action for an accounting and asked for the appointment of a receiver with authority, among other things, to take and hold this same property during the pendency of this action. The court appointed a receiver and authorized him to take charge of the books of account used in the business and to collect all accounts upon said books, but declined to vest the receiver with authority to take and hold the property involved in the replevin action. Plaintiff complains of this refusal and appeals to this court.

The trial court was right in refusing to authorize the receiver to take possession of this property. The agreement between these parties was in the nature of a partnership agreement, but this is not material. There is no claim that this property was partnership property. Plaintiff claims it as his own individual property, and on that theory replevied it. Defendant claims it as his. So far as this property is concerned the controversy is the ordinary conflict between parties, each of whom claims property as his own. The court will proceed with great caution in granting an application for a receiver to take possession of property in controversy *pendente lite.* Such an application is addressed to the discretion of the trial court. It appeals not to an arbitrary discretion, but to a discretion exercised as an auxiliary to the attainment of the ends of justice. 34 Cyc. 19; Beach, Receivers, § 48. Such an application will not be granted in a doubtful case. The showing must be clear, strong and convincing. The application will be granted only under circumstances requiring summary relief or where the court is satisfied that there is imminent danger of loss, and where there is no adequate remedy at law. 34 Cyc. 21, et seq.; Beach, Receivers, § 48; Lowell v. Doe, 44 Minn. 144, 46 N. W. 297; National Fire Ins. Co. v. Broadbent, 77 Minn. 175, 79 N. W. 676; Libby v. Libby, 68 App. Div. (N. Y.) 13, 74 N. Y. Supp. 57. The court will not ordinarily appoint a receiver to take possession of property, the title to which is in dispute, until there has been a determination of the question of title, at least unless the party making the application establishes a reasonable probability of his ultimate success. 34 Cyc. 35; Hayes v. Jasper Land Co. 147

Ala. 340, 41 South. 909; Waterbury v. Merchants Union Exp. Co.
50 Barb. 157, 159.

The right to this property is not clear.. The court committed no
error in refusing to take it from the possession of the defendant and
placing it in the hands of a receiver before the title to it is determined.
The replevin suit is still pending. Plaintiff himself commenced it.
It is the proper form of action in which to determine which of two
contending parties is the owner of personal property. So far as we
can see it furnishes an adequate remedy. Plaintiff should not be
permitted to maintain two actions to establish his right to this prop-
erty.

Plaintiff contends the action of replevin does not furnish him an
adequate remedy, because the bond is for an inadequate sum. Plain-
tiff himself fixed the amount of the bond by his own allegation of the
value of the property. If he has made a mistake, his remedy to
correct it is in the replevin action. He cannot urge his own mistake
as a reason for the appointment of a receiver.

Order affirmed.

On May 7, 1915, the following opinion was filed:

PER CURIAM.

On motion for reargument it is especially urged that there should
be a modification of the order of the trial court so as to authorize the
receiver to take possession of moneys derived from the proceeds of
the business heretofore conducted by the parties. We think the record
does not make a sufficient showing of the existence of any such moneys
to warrant this court in requiring a modification of the trial court's
order. If the existence of such funds can be made to appear, proper
application may be made to the trial court.

Petition denied.