## NORTHLAND PINE COMPANY v. MELIN BROS. INCORPORATED, AND ANOTHER.[1]

### February 23, 1917.

### Nos. 20,241—(307).

**Enforcement of mechanic's lien — appointment of receiver.**

1. A receiver may be appointed in an action to foreclose a mechanic's lien, providing there is a sufficient showing that it i<sup> </sup> necessary to the protection or preservation of the property.

**Same — evidence insufficient.**

2. The showing in this case was not sufficient to justify the appointment of a receiver.

Action in the district court for Hennepin county to recover $17,974.06 and to foreclose by sale the mechanics' liens upon the premises described, and for the appointment of a receiver to take charge of the premises, buildings and material on behalf of the lien claimants. Plaintiff obtained an order to show cause why a receiver should not be appointed to protect and manage the premises in behalf of the lien claimants. From an order, Hale, J., granting plaintiff's motion for the appointment of a receiver, defendants appealed. Reversed.

*Harlan P. Roberts* and *E. Luther Melin,* for appellants.
*Elijah Barton,* for respondent.

BUNN, J.

This action was brought to foreclose a mechanic's lien for lumber, cement and other building materials furnished by plaintiff at the request of defendant Melin Bros., Incorporated, for the construction of certain flat buildings upon lots in Minneapolis owned by defendant E. Luther Melin. Upon the complaint and an affidavit plaintiff moved for the appointment of a receiver to take charge of the property, to manage the same, together with the improvements thereon, for the benefit of all persons having valid

[1]Reported in 161 N. W. 407.

mechanics' lien claims against said property. After a hearing the court appointed a receiver under a $5,000 bond to take possession of and manage the property, including the improvements and the material on the premises furnished for the erection of the buildings, "in such manner as will best conserve the interests of all persons having" valid liens against the property, until such time as the court might otherwise order. Defendants Melin Bros., Incorporated, and E. Luther Melin appeal from the order.

Two questions are presented: (1) Can a receiver be appointed under any circumstances in an action to foreclose a mechanic's lien? (2) If so, did the circumstances in this case justify the appointment of a reciever? We dispose of these questions in the order stated.

1. In this state, while the lien itself is purely a creature of statute, an action to enforce it is an ordinary civil action, proceeding according to the usual course of the law, and governed by the same rules of practice and procedure as any other similar action, except as expressly modified by the statute itself. Finlayson v. Crooks, 47 Minn. 74, 49 N. W. 398, 645. Equitable principles are applicable in enforcing the lien. Ness v. Davidson, 49 Minn. 469, 52 N. W. 46. It has been held in a few cases in other states that a receiver of the rents and profits cannot be appointed in a mechanic's lien action in the absence of a statute authorizing such appointment. Stone v. Tyler, 173 Ill. 147, 50 N. E. 688; Meyer v. Seebald, 11 Abb. Pr. (N. S.) 326, note; (Contra, Webb v. Van Zandt, 16 Abb. Pr. 314, note); Pratt v. Tudor, 14 Tex. 37. These cases are manifestly not in point, as the receiver in the case at bar was not to take the rents or profits, but merely to conserve the property and the material on hand, pending the action. We hold that the court had the power to appoint a receiver for these purposes, if the facts showed that it was necessary for the protection or preservation of the property.

2. The appointment of a receiver to take possession of property *pendente lite* is a matter resting largely in the discretion of the court. This discretion is not an arbitrary discretion, but one to be exercised as an auxiliary to the attainment of the ends of justice. Bacon v. Engstrom, 129 Minn. 229, 152 N. W. 264, 537. A receiver will be appointed only under circumstances requiring summary relief, or where the court

is satisfied that there is imminent danger of loss, and where there is no remedy at law.   Bacon v. Engstrom, supra.

The complaint alleged that the unpaid lien claims for labor and material furnished for and used in the construction of the buildings amounted to over $55,000; that there was a first mortgage of $6,000 on the property, and a second mortgage of $450, both prior to the lien claims; and that there was no equity in the property over and above the mortgages and lien claims.   It alleged that the six flat buildings are in various stages of construction; the walls of two of them are up and the roofs on, but no windows are in, and no plastering has been done.   The walls of another of the buildings are up one story, and the walls of the other three are up about one-half story.   A large amount of material for the completion of the buildings is now lying upon the premises, and will greatly deteriorate in value if permitted to remain there in its present condition, and the buildings will rapidly depreciate in value if allowed to remain in their present unfinished and unprotected condition.   It is then alleged that defendants E. Luther Melin and Melin Bros., Incorporated, are both insolvent, and unable to proceed further with the construction of the buildings, and have ceased work thereon, and that unless someone is appointed by the court at once to take possession of the property, with authority to protect and manage the same, the lien claimants will suffer irreparable injury and loss.   In addition to the verified complaint, there was an affidavit of the attorney for another lien claimant, the substance of which is that the affiant is morally certain that, unless a receiver is appointed, the security of the lien holders will be greatly impaired and they will suffer great loss.   The affidavit also states that the Melins are unable to proceed further with the erection of the buildings.   This is the entire showing made on behalf of plaintiff.   It was met by the verified answer of E. Luther Melin denying his insolvency, and alleging that work on the buildings has never ceased; that no materials are lying around the premises deteriorating in value; and that the buildings are not deteriorating or depreciating in value, but that work thereon is gradually being pushed forward under competent and efficient management and control.   An affidavit of Melin reiterated his ability to pay his debts in full, and to manage and complete the buildings without interference.   The affidavit of the superintendent of construction, in charge

of work on the buildings, was to the effect that work on the buildings had been going on continuously, was being gradually pushed forward, and that there were no materials on the premises that were depreciating in value.

We are forced to the conclusion that the showing made by plaintiff, rebutted as it was by the answer and opposing affidavits, was wholly insufficient to warrant the summary and drastic relief of a receivership. As said by Mr. Justice Hallam in Bacon v. Engstrom, 129 Minn. 229, 152 N. W. 264, 537: "The showing" to warrant the granting of an application for the appointment of a receiver, "must be clear, strong and convincing." "Such an application will not be granted in a doubtful case." When we consider how little a receiver could do to help out the lien claimants, and how much he could do to embarrass the owners of the property, and what expense might be incurred, it is difficult to escape the conclusion that the order was inadvertently made.

Order reversed.`